### HINSDALE *against* HUMPHREY.

An action of covenant will not lie against a lessee, or his assignee, for rent, under a lease sealed by the lessor only.

The acceptance of a lease sealed by the lessor only, by the lessee, is not such an assent to the stipulations contained therein, as to make it his deed.

*It seems,* that *assumpsit* or *case* would lie for such rent.

HARVARD LAW LIBRARY

*Litchfield,*
June, 1843.

Hinsdale
*v.*
Humphrey.

THIS was an action of covenant broken. The declaration stated, that on the 10th of *October*, 1827, by a certain instrument under seal, made between the plaintiff and *Ichabod Loomis*, and delivered by the plaintiff to said *Loomis*, which the said *Loomis* accepted, the plaintiff, for the consideration therein mentioned, demised and leased unto the said *Loomis*, his heirs and assigns, a certain peice of ground or building lot, with certain appurtenances thereunto annexed, particularly described in said instrument, which was in substance as follows : " Know all men by these presents, that I, *Hosea Hinsdale*, do hereby lease the ground on which my store now in ruins by fire now stands, together with suitable and convenient passes thereunto, for so long a time as the store which is on those ruins shall continue, after the same shall be repaired or rebuilt, as shall be found necessary—that is, I lease the same to *Ichabod Loomis*, his heirs and assigns, for said time, he or they paying for five years from this date, no rent whatever, except taxes, which he is at all times to pay ; and after said five years expire, the said *Ichabod* is to pay, or his heirs or assigns, such rent as shall be considered a reasonable ground rent for the land on which the building stands, yearly, from the expiration of said five years ; and if the lessor and lessee should be unable to agree upon ground rent, then the amount thereof from time to time shall be left to two indifferent men to determine.

Dated at *Winchester*, this 10th day of *October*, 1827. Signed, sealed and delivered, in presence of

*Sarah A. Miller,*                          *Hosea Hinsdale*, [L. s.]"
*Joseph Miller.*

The plaintiff then averred, that afterwards, on or about the date of said deed, said *Loomis* accepted of the same, and entered into and upon the demised premises, and rebuilt and repaired the store thereon, which now exists and continues thereon ; that in pursuance of said lease, said *Loomis* continued to possess and enjoy the demised premises until the 1st of *November*, 1831, when he assigned and conveyed all his interest therein, by a proper instrument legally executed, to *Chester Humphrey*, in whom said estate became vested; that on the 3rd of *July*, 1833, during the continuance of the term created by said lease, the interest of said *Chester Humphrey* in the demised premises, by assignment thereof, legally came

to and was vested in *Horace Humphrey*, the defendant; that after the defendant became the assignee of the demised premises, and during the continuance of said term, *viz.* on the 10th of *October*, 1834, the defendant agreed with the plaintiff, that he, the defendant, would pay to him, as the reasonable ground rent, annually, for the demised premises, the sum of nine dollars; that on the 10th of *October*, 1841, the sum of 100 dollars of the rent so agreed to be paid, became, and still is, in arrear, and unpaid to the plaintiff, contrary to the intent and effect of said lease, and the covenant therein contained; and that the said defendant, though often requested so to do, has not kept the said covenant so by said *Loomis*, for himself, his heirs and assigns, made as aforesaid, but has broken the same, and has wholly neglected and refused to keep the same; nor has the defendant paid said rent, or any part thereof.

To this declaration the defendant demurred; and thereupon the case was reserved for the advice of this court.

*Seymour* and *Sprague*, in support of the demurrer, contended, That the assignee of a lessee under a deed poll, cannot be sued in covenant broken. This is clearly the doctrine of the *English* courts. 1 *Chitt. Plead.* 108, 9. *Co. Litt.* 231. *a.* As this is a matter purely technical, relating to the proper form of action, there is no reason why we should depart from the *English* rule. There is nothing in it so peculiar as to render it inapplicable to the condition, circumstances or institutions of this country.

But if this were a new question in *English* jurisprudence, how must it be decided upon principle? What is a covenant? It is an agreement *by deed;* and it may be either an *indenture* or a *deed poll;* but to subject a party charged with the breach thereof, it must be *his* deed. Here, the defendant has executed no deed, and consequently, has broken none. There are, it is true, covenants implied by operation of law, as well as express covenants; but there is no authority, showing that the acceptance of a covenant by another, implies any covenant by the party accepting it.

*Church* and *Hall*, contra, contended, That an action of covenant against the assignee, for a breach of the covenant, during his possession of the premises under the assignment,

is the proper remedy for the lessor, to recover arrears of rent, due by the express provisions of a deed poll.   This proposition they supported, by a reference to authorities, and by considerations of reason and justice.   They cited 1 *Chitt. Pl.* 131. and cases cited *ibid.*     1 *Roll. Abr.* 517. *pl.* 40. *Com. Dig. tit.* Covenant. A. 1.    1 *Selw. N. P.* 408.    1 *Sw. Dig.* 354.    Lord *Ewre* v. *Strickland, Cro. Jac.* 240.     *Bret* v. *Cumberland, Id.* 399. 522.     *Co. Litt.* 231 *a.*    Covenant lies against an assignee, although assigns are not named in the deed.    *Cockson* v. *Cock, Cro. Jac.* 125.    *F. N. B.* 325. (ed. 1686.)    *Esp. N. P.* 289. 290.    *Pollard* v. *Shaaffer,* 1 *Dal.* 210.

That an action of covenant would be the appropriate remedy for a breach of this agreement, on the part of the lessor, will not be denied.   By accepting the lease, the lessee becomes party to it, and assumes the obligations therein imposed on the lessee.   The stipulations of the lessor are based upon those of the lessee, and *vice versa ; i. e.* the stipulations are mutual.   The lessee cannot say to the lessor—" I accept the lease, and will hold you to a strict performance on your part, but I will not be bound myself."   If the original lessee is liable, his assignee unquestionably is ; and if he is liable by virtue of this lease, covenant is the proper form of action.

HINMAN, J.   The plaintiff, by deed poll, on the 10th day of *October,* 1827, leased certain premises to *Ichabod Loomis,* his heirs and assigns, for so long a time as a certain store standing thereon should continue, after the same had been repaired ; and in the lease, is this clause : " After said five years expires, the said *Ichabod* is to pay, or his heirs or assigns, such rent as shall be considered a reasonable ground rent for the land on which the building stands, yearly ; and if the lessor and lessee shall be unable to agree upon ground rent, then the amount thereof, from time to time, shall be left to two indifferent men to determine."   On the 1st of *November,* 1831, *Loomis* assigned his interest in the unexpired term, to *Chester Humphrey,* who, on the 3rd of *July,* 1833, made a like assignment thereof to the defendant ; who thus took, and still retains, possession of the premises.   The rent being in arrear, the plaintiff has brought an action of covenant, to recover it ; claiming, that *Loomis,* the original lessee, though he did not

sign or seal the deed, yet, as he accepted it, and took posses-
sion of the premises under it, he thereby, so far, became a party
to it; that he is liable in covenant, for the non-performance of
such conditions and stipulations, as by the deed, it was made
the duty of the lessee to perform, and as effectually, as if he had
signed, sealed and delivered the instrument; and that the de-
fendant, being the assignee of the premises, is also liable, in
this action, for the non-performance of the covenants, during
the time that he has had the possession of the premises.

*Litchfield,*
*June, 1843.*

Hinsdale
*v.*
Humphrey.

The declaration being demurred to, the only question ari-
sing upon the demurrer, is, whether covenant will lie against
lessee, or assignee of lessee, for rent on a lease sealed only
by the lessor: in other words, whether mutual covenants
can arise upon a deed poll? The general rule, that covenant
will not lie, except against him, who, by himself, or his duly
authorized agent, has sealed and delivered a deed, has not
been questioned—nor could it be. The very definition of a
covenant, a contract or agreement under seal, or by deed,
implies clearly, that to be binding, as a covenant, the agree-
ment must be sealed by the obligor, or his agent; otherwise,
it would not be *his* deed.

But, it is said, there are certain exceptions to the general
rule; and that this case falls within one of them. And it is
true, that several of the elementary writers do lay down the
proposition, that the covenantee's acceptance of the deed, is
such an assent to the agreement, as will render it binding on
him. 4 *Cruise's Dig.* c. 25. *p.* 393. *Com. Dig. tit.* Cove-
nant. A 1. 1 *Sw. Dig.* 571. If nothing more is meant by
this, than the words, in their literal interpretation, imply, the
proposition is not, perhaps, objectionable: but supposing the
writers intend by it, that the covenantee's acceptance of the
deed, is such an assent to the agreement, as will render it
binding on him as a *covenant*, it will be found to be unsup-
ported by the authority of any adjudged case, and is clearly
erroneous in principle. The cases usually referred to, in
support of this doctrine, are *Green* v. *Horne,* 1 *Salk.* 197.
and the case stated in *Co. Litt.* 231. *a.* The case in *Salk.*
has no application to this case. The only principle decided
there, was, that a person not named in an indenture, cannot
have an action on it. And the case stated in *Co. Litt.* was
not an action of covenant, but an action of debt. *Platt on*

*Litchfield,*
June, 1843.

Hinsdale
*v.*
Humphrey.

*Cov.* 3 *Law Library, p.* 6 & 9. Indeed, all the authorities on this subject, are very thoroughly examined, by Mr. *Platt;* and he says, that no instance can be found, of an action of covenant having been sustained by the courts, against one claiming under a deed poll.

The cases cited at the bar, which arose upon patents from the crown, may form an exception to the general rule, that mutual covenants cannot arise upon a deed poll. They evidently do form such an exception, unless they stand upon the principle, that the king can covenant for both parties; upon which ground, they may be reconciled with the other cases, and would thus be correct in principle. However this may be, it is entirely unnecessary, for the purposes of this case, to enquire.

The question, whether covenant can be maintained against lessee for rent, on a lease, sealed only by the lessor, has lately arisen in the supreme court of *Ohio,* in the case of *Trustees of a section of land in Hocking County* v. *Spencer,* 7 *Ohio Rep.* 2d *part, p.* 149. And it was there held, that it could not. And *Grimké.* J., who delivered the opinion of the court, says, " such a doctrine is unsustained, either on principle or authority, in *England,* and has never been asserted in any of the courts of *America.*"

It is enough, for the purposes of this case, that *covenant* will not lie; without attempting to furnish the plaintiff with another remedy. But, as the cases which go to show that another action may be brought, also show, that covenant cannot lie; as covenant and *assumpsit,* or covenant and case, are not concurrent remedies; it is not, perhaps, improper, to refer to the case of *Goodwin* v. *Gilbert,* 9 *Mass. R.* 510. in which it was held, that where certain duties were reserved, to be performed by the grantee of a deed poll, *assumpsit* may be sustained for the non-performance of them. And in the case of *Burnett &* al. v. *Lynch,* 5 *B. & Cres.* 589. (12 *E. C. L.* 327.) it was held, that case lay against the assignee by deed poll, who had taken possession under an assignment from the lessee, for breaches of covenant, committed during the time that the assignee was in possession; and Ch. J. *Abbott,* in giving his opinion, says, he thinks *assumpsit* would also lie.

We, therefore, advise the superior court, that the plaintiff's declaration is insufficient.

In this opinion the other Judges concurred.

*Litchfield,*
June, 1843.

Hinsdale
*v.*
Humphrey.

Declaration insufficient.