## WILLIAM ELTING *vs.* THE CLINTON MILLS COMPANY.

*H* conveyed to the defendants by deed poll an easement in certain lands owned by him. The deed contained the following clause: "It is understood and agreed that the grantees shall remove the present river wall easterly upon a new line as the said *H* shall direct, and shall rebuild the same without any cost to the said *H*, his heirs or assigns." The defendants accepted the deed and placed it on record. *H* afterwards conveyed the premises to *F*, and *F* to *E*, neither of the deeds containing any reference to the defendants' agreement. Soon after *E* and *H* joined in a written demand upon the defendants for the removal of the wall, with directions as to the line where it should be rebuilt. Afterwards *H* made a written demand upon the defendants for the removal of the wall, with directions as to the line where it should be rebuilt. Afterwards *H* made a written assignment of the defendants' agreement to *E*, and *E* thereupon notified the defendants to remove the wall to the place designated in the previous notice. In an action of assumpsit brought by *E* for the non-performance of the agreement by the defendants, it was held—

1.  That the defendants by accepting the deed from *H* agreed to remove the wall in the manner provided in the deed.
2.  That the conveyance of the property in fee by *H* to *F* did not discharge the defendants from their agreement.
3.  That if the agreement was to be regarded as running with the land then *F* and *E* acquired the rights of *H* under it by virtue of their deeds.
4.  That if it was to be regarded as a personal contract merely, then it was a chose in action resting in *H*, which could be assigned by him.
5.  That it was no objection that by the agreement the wall was to be rebuilt as *H* should direct, and that *H* by parting with the land had ceased to have any interest in the matter, since *H* and *E* had concurred in directing.as to the location of the wall and the defendants could not be harmed by the fact that *H* had no interest.
6.  That under the statute giving a right of action to an assignee of a chose in action, *E* could maintain an action of assumpsit for breach of the agreement.

ASSUMPSIT, brought to the Superior Court in New London county and tried on the general issue closed to the court. The following facts were found by the court.

On the 30th day of August, 1864, one Amasa L. Hyde, who was then the owner of a tract of land in the town of Norwich, conveyed to the defendants, then known as the Elting Woolen Company, the right to flow the land in question by raising a mill-dam belonging to them to a designated height. The deed, which was executed by Hyde only, contained the following provision: "And it is hereby understood and agreed that the said Elting Woolen Company shall remove the present river-wall some eight or ten feet easterly, on to a new line, as I, the said Amasa, may direct, and shall rebuild the same in a workmanlike manner the distance of one hundred and ninety-two feet, and shall also remove the earth lying between the old wall and the new wall, back behind the said new wall, all at the sole cost and expense of the said corporation, their successors and assigns, and without any cost or expense to me, the said Amasa, my heirs and assigns forever." The defendants accepted the deed and had it recorded.

On the 30th of November, 1864, Hyde conveyed the fee of the land referred to, to one Frazier, and on the 1st of April, 1865, Frazier conveyed the land in fee to the plaintiff. Neither of the deeds made any reference to the agreement of the defendants in the conveyance of Hyde to them, of August 13th, 1864.

On the 4th of August, 1866, and while the plaintiff was owner of the land, Hyde executed to the plaintiff the following assignment of his rights under the agreement in question: "Know all men by these presents, that I, Amasa L. Hyde, of Norwich, in the State of Connecticut, for divers good causes and considerations thereunto moving, especially for the sum of one dollar received to my full satisfaction of Wm. Elting of said Town of Norwich, have granted, bargained, assigned and sold unto the said William Elting, and by these presents do bargain, grant, assign and sell unto the said William Elting, all right, title and interest which I, the said

Amasa L. Hyde, have in or to a certain contract or agree-
ment between myself and the Elting Woolen Company, con-
cerning the removing of a wall on land lately belonging to
me but now the property of said William Elting, said con-
tract and agreement being fully set forth in a deed from
Amasa L. Hyde to the Elting Woolen Company, dated August
13th, 1864, and duly recorded in Norwich Records, reference
to which may be had : meaning and intending hereby to con-
vey to and vest in the said William Elting the same right to
and interest in said contract or agreement, and the same
power to compel the said Elting Woolen Company to build
said wall, and to do the other things specified in said agree-
ment, as I myself should have under any circumstances.   To
have and to hold &c."

On the 3d of November, 1865, previous to the assignment
last mentioned, but after the land had been conveyed to the
plaintiff, Hyde and the plaintiff together gave the following
written notice to the defendants :

" To the Elting Woolen Co.   I hereby direct you immedi-
ately to remove the present river-wall on land now belonging
to William Elting, from eight to ten feet easterly on to a new
line, running from a stake set near the northerly end of said
wall to a stake set near the southerly end of said wall ; and
to rebuild the said wall in a workmanlike manner, and to
remove all the earth lying between said old wall and said
new wall, and place the same behind the new wall ; said wall
to be moved and rebuilt and earth moved and replaced, as
agreed by the said Elting Woolen Company in my deed to
them, dated August 13, 1864, and recorded in Norwich
Records.                              A. L. Hyde.

" I concur in the above direction of A. L. Hyde, and wish
the wall and earth to be moved as above specified.
                              Wm. Elting."

Previously to the giving of this notice the stakes described
in the notice had been set up by direction of Hyde, for the
purpose of marking the line where the wall should be built.

On the 18th day of August, 1866, after the assignment of

the contract by Hyde to the plaintiff, the plaintiff by his authorized attorney gave the following notice to the defendants :

"Norwich, Aug. 18, 1866. To the Elting Woolen Co. Gentlemen :—I am requested by Mr. Wm. Elting to notify you to remove the wall on land formerly belonging to Amasa L. Hyde, and now belonging to William Elting, as called for in the deed from A. L. Hyde to you, dated Aug. 13th, 1864, and in accordance with the notice given you Nov. 3d, 1865, by Messrs. Hyde and Elting. The work to be done on or before the 29th day of August, 1866. Yours, Respectfully, GEO. PRATT, Attorney for Wm. Elting."

The court found that a reasonable time for the building of the wall by the defendants had elapsed, but that they had neglected and refused to build the wall. Also that Hyde had never waived his right to require the wall to be built, unless the foregoing facts should be held in law to show a waiver.

The court assessed the plaintiff's damages at $150, in case he was entitled to recover, and reserved for the advice of this court the question whether or not the plaintiff was entitled to judgment.

*Pratt* and *Bolles*, with whom was *Wait*, for the plaintiff.

1. A deed poll, when accepted by the grantees, becomes the mutual act of the parties ; and a stipulation in the deed that the grantee shall perform a certain act, is by force of his acceptance a valid and binding contract, for the breach of which assumpsit may be maintained by the grantor or his assigns. 2 Hilliard on Real Prop., 339 ; *Goodwin* v. *Gilbert*, 9 Mass., 510 ; *Felch* v. *Taylor*, 13 Pick., 133 ; *Newell* v. *Hill*, 2 Met., 180 ; *Hinsdale* v. *Humphrey*, 15 Conn., 431 ; *Townsend* v. *Ward*, 27 id., 610 ; *Randall* v. *Latham*, 36 id., 48.

2. In the case at bar the stipulation concerning the wall was a contract made for the benefit of the land of the grantor. Had the deed been executed as an indenture, it would have been a covenant running with the land. The change wrought in the agreement, from the fact that it is sealed by one party only, makes it a simple contract instead of a covenant. But

it does not change the relation of the contract to the land. It simply governs the form of the remedy for a breach of the agreement, but does not deprive the party holding the land of all remedy. The agreement was made for the benefit of the land. It would be a strange perversion to say that the plaintiff took the land charged with the easement, and yet without the benefit in consideration of which the easement was granted. *Kennedy* v. *Scovil*, 12 Conn., 317.

3. There has never been any waiver of the performance of this contract by Hyde or his assigns. A waiver is an intentional abandonment of a known right. But this land is conveyed as it stood, burdened with the easement, yet having this contract to build the wall as appurtenant to it. The conduct of Hyde in giving the notice to build the wall, shows that he did not intend to waive his right to have the wall built. There is nothing to be presumed against him from the fact that he did not mention the building of the wall in his deed, for the easement itself was not alluded to.

4. The right to have this wall built, either was a contract running with the land and appurtenant thereto, or it was a chose in action resting in Hyde, apart from the land. In the first case, it would pass by regular deeds of the land to the plaintiff; in the second place, it would pass by the assignment which was made in addition to the deed. It is admitted that there was an agreement made by the grantees to build the wall. The breach of this agreement was in a reasonable time after the 3d of November, 1865, when notice was given by Hyde and the plaintiff. After that date, if it was a personal contract resting in Hyde, it became a chose in action, and was regularly assigned on the 4th of August, 1866.

*Hovey*, for the defendants.

1. The assignment of the contract declared upon, by Hyde to the plaintiff, gave to the latter no interest in the subject matter of the contract, and consequently no right to commence and prosecute this suit. 1st. Before the contract had been broken Hyde conveyed the land upon which it was to be performed by his deed to Frazier. He thus divested himself

of all interest in the contract and of his right to exact its fulfillment. There was, therefore, nothing for the assignment to operate upon and pass to the plaintiff on the 4th of August, 1866, the time it was executed. 2d. Hyde, by his conveyance to Frazier, impliedly waived performance of the contract by the defendants ; for by that act he deprived himself of the power, which he alone could exercise, to direct where or in what manner the work mentioned in the contract should be done.

2. The benefit of the contract declared upon, and the consequent right to sue upon it, did not pass to the plaintiff with the land to which the contract relates. 1st. The common law gives to *covenants* made for the benefit of land, the capacity of running with the land into the hands of every one to whom it may subsequently come by descent or purchase. But this principle forms an exception to the general rule that choses in action are not assignable and does not embrace contracts not under seal. 1 Smith Lead. Cases, (3d Am. ed.,) 99, 107, 135 ; Rawle on Covenants for Title, 333— 335. 2d. The contract declared upon is without seal, and therefore is a simple contract merely, not a covenant. *Hinsdale* v. *Humphrey*, 15 Conn., 431.

CARPENTER, J. On the 13th day of August, 1864, Amasa L. Hyde conveyed to the defendants, by deed poll, an easement in certain land owned by him. The deed contained this provision—" And it is hereby understood and agreed that the said Elting Woolen Company" (the name of the defendants' corporation at that time) " shall remove the present river-wall some eight or ten feet easterly, on to a new line, as I, the said Amasa, may direct, and shall rebuild the same in a workmanlike manner the distance of one hundred and ninety-two feet, and shall also remove the earth lying between the old wall and the new wall, back behind the new wall, all at the sole cost and expense of the said corporation, their successors and assigns, and without any cost or expense to me, the said Amasa, my heirs and assigns forever."

On the 30th of November following, Hyde conveyed the

premises to Edmond J. Frazier, and on the first day of April, 1865, Frazier conveyed the same to the plaintiff. Neither of the last two deeds referred to contained any reference to the defendants' easement in the premises, or their agreement in respect to the same.

On the 3d day of November, 1865, Hyde gave specific directions to the defendants as to the manner of doing the work, and requested them to do it immediately. In this direction and request the plaintiff concurred. On the 4th day of August, 1866, Hyde executed and delivered to the plaintiff a written assignment of all his interest in the agreement; and on the 18th of the same month, the plaintiff's attorney notified the defendants to remove and rebuild the wall, on or before the 29th of the month. The wall has never been removed. This court is asked to advise the Superior Court what judgment to render upon these facts.

That this provision in the defendants deed became, by force of their acceptance, a valid and binding contract on their part, is not denied. If, therefore, Hyde had remained the owner of the premises, and the action had been brought in his name, his right to recover would have been unquestionable. *Townsend* v. *Ward*, 27 Conn., 610; *Hinsdale* v. *Humphrey*, 15 Conn., 431; *Newell* v. *Hill*, 2 Met., 180.

The question for our consideration seems to be this: Will the conveyance by Hyde of the property on which the work was to be done, operate to discharge the defendants from their obligations to perform the work? We think not. The change of ownership placed the defendants in no worse condition than they were in before. The labor contracted to be done was the same whether done for one man or another. They had no more reason to complain than a debtor where the debt has been assigned by the creditor. Indeed the same principle applies. Hyde, so long as he remained the owner, had a clear right to have the work done. We fail to discover sufficient evidence of an intention on his part to abandon or waive that right. Two circumstances are relied upon as evidence of such an intention, neither of which, nor both combined, under the circumstances are sufficient. The first is,

that the deed is silent in respect to the removal of the wall. This, at best, is equivocal. Standing alone it may tend to prove a waiver, but not necessarily so. For it may be that it was forgotten; or that Hyde supposed that the right to have the wall rebuilt was conveyed with the land. But be this as it may, all doubt as to his intention is effectually removed by his subsequent conduct in notifying the defendants to build the wall and assigning the claim to the plaintiff. The second is, that by the conveyance he deprived himself of the power, which he alone could exercise, to direct where or in what manner the work mentioned in the contract should be done. If this be so it is difficult to see how the defendants can take advantage of it. As between Hyde and the plaintiff, Hyde had no right, against the will of the plaintiff, to go on the premises and direct where or in what manner the work should be done; but as between the plaintiff and the defendants he had such right, especially if requested so to do by the plaintiff. If, therefore, the fact was so, that the plaintiff, the only party to be benefited by a performance of the contract, did not desire it, Hyde clearly had no power or occasion to go on the land for the purpose of directing its performance. But the plaintiff does desire it. This action is brought for that purpose. The plaintiff, with that object in view, took an assignment of the contract. For aught that appears he requested Hyde to point out where and how the work should be done; at least he authorized him to go on to the premises for that purpose. All this is consistent with a continued intention that the contract should be performed, and inconsistent with the idea of a waiver.

But it is said that Hyde, by his deed to Frazier, deprived himself of all interest in the contract, and the right to exact its fulfillment, and that there was therefore nothing for the assignment to operate upon. If this contract is to be governed by the same rules as covenants running with the land, then Hyde parted with his interest in it, and the purchaser acquired it by force of the deed. In that case the assignment was inoperative; but that does not help the defendants, inasmuch as the plaintiff had previously acquired the right. If

it was a personal contract not running with the land, then it was a chose in action resting in Hyde, and subject like other choses in action to assignment; and we think this is so, notwithstanding the fact that he had parted with the land, and therefore had no occasion on his own account to enforce the contract. We clearly should not be justified in holding that the parties concerned have abrogated this contract, unless the evidence that they have done so is clear and conclusive. No such evidence appears in this case ; but on the contrary it is at least consistent with the finding to suppose that Hyde actually received a valuable consideration for the contract in the sale of the land. If so it would be manifestly unjust to deprive the plaintiff of a right thus acquired and paid for. In either event, therefore, the plaintiff's title is complete; and under our statute authorizing the assignee and equitable owner of a chose in action to bring an action at law in his own name, we see no difficulty in sustaining the action. This view of the case renders it unnecessary for us to determine whether this contract runs with the land or otherwise, as in either case we are satisfied the plaintiff ought to recover, and we so advise the Superior Court.

In this opinion the other judges concurred.