Hubbard *v.* Ensign.

SAMUEL HUBBARD *vs.* SIDNEY A. ENSIGN.

The language of a deed poll may be such as to afford sufficient evidence after it
has been accepted by the grantee of a promise by him; but, as the language is
that of the grantor, doubtful or ambiguous expressions will not ordinarily be
sufficient.

The plaintiff exchanged lands with the defendant, that conveyed by the plaintiff
being subject to two mortgages of $10,000 and $5,000. The deed given by
the plaintiff, after describing the land and the mortgages, contained the follow-·
ing clause:—" The above-described property is alone to be holden for the pay-
ment of both the above debts;" also an exception to the covenant against
encumbrances as follows:—"Except the above mortgages of $15,000, which
are a part consideration of this deed." The mortgages, which covered other
land of the plaintiff, were afterwards foreclosed, and the plaintiff lost his own
land, and besides was afterwards compelled to pay the second mortgage. In
a suit brought by him to recover of the defendant the amount so paid by him
and the value of his land which had been taken, it was held—

1.  That the first of the above clauses was not to be construed as meaning that
the defendant assumed a personal obligation to pay the mortgage debts.

2.  That its probable meaning was that the lands conveyed to the defendant
were to be charged with the whole of the mortgage debt, and that the defend-
ant was not to require that any portion of it should be set to the land retained
by the plaintiff.

3.  That the fact that the mortgage debt was stated to be a part of the consid-
eration, the sale having been in fact of the mere equity, did not make the
defendant liable to make good to the plaintiff the amount which he had to pay
on the second mortgage.

4.  That there was no liability of the defendant upon which the plaintiff could
recover.

It is well established that the real contract in pursuance of which a deed is given
may be shown by parol.

ASSUMPSIT to recover money paid on a mortgage and the
value of certain property foreclosed; brought to the Superior
Court in Hartford County. The following facts were found
by a committee:—

In September, 1875, the plaintiff was indebted to the Nor-
wich Savings Society in the sum of $10,000, and to one Frary
in the sum of $4,950; and both these debts were secured by
mortgages on several parcels of real estate in the city of
Hartford, described in the plaintiff's declaration.

On the 30th of September, 1875, the plaintiff sold and
conveyed a portion of the property so mortgaged to the
defendant by a warranty deed which contained the following

clauses:—"The above described property is subject, together with other property, to two mortgages, one of ten thousand dollars to the Norwich Savings Bank, the other of five thousand dollars to Obadiah Frary of Springfield, Mass. The above described property is alone to be holden for the payment of both of the above debts.  *  *  And I, the said grantor, do covenant  *  *  that the same is free from all incumbrances whatsoever, except the above written mortgages of fifteen thousand dollars, which are a part consideration of this deed."

The mortgage to Frary was subsequently foreclosed, and after the foreclosure the plaintiff paid him the amount due him in land in Virginia and Georgia, $500 in his own note indorsed by one Kibbee, and $500 in a note of one Williams. Afterwards the mortgage to the Norwich Savings Society was foreclosed, and the plaintiff lost all his title to and interest in the premises embraced in said mortgage.

The deed from the plaintiff to the defendant was given pursuant to a contract of exchange between the parties, whereby it was agreed that the plaintiff should convey to the defendant five pieces of land in the city of Hartford, all subject to mortgages amounting in the aggregate to about $21,000, and that the defendant should cause to be conveyed to the plaintiff certain property in the city of Brooklyn, in the state of New York, subject to two mortgages amounting in all to $18,000. That property stood in the name of one Brockway, the father-in-law of the defendant, but was owned by the defendant, and one of the two mortgages thereon was a mortgage to the defendant, made by Brockway, to secure the sum of $6,000. Pursuant to the agreement Brockway conveyed to the plaintiff the Brooklyn property subject to the mortgages. The plaintiff also gave deeds of the other four pieces of land in Hartford to the defendant as agreed.

The defendant after receiving the deed from the plaintiff, and before the foreclosure of the premises by the mortgagees, sold and conveyed his interest therein to Brockway. Neither the defendant nor any person for him has ever paid the mortgages, or any part of them, but the defendant has refused

and still refuses so to do; and also refuses to indemnify the plaintiff for any damage sustained by him by reason of the foreclosure.

The property covered by the mortgages to the Norwich Savings Society and Frary, and not included in the deed from the plaintiff to the defendant, was worth, at the time the deed was given, $3,500. The same was worth, when the decree of foreclosure in favor of the Savings Society became absolute, November 30, 1876, the sum of $3,000.

Upon parol evidence offered by the defendant, which was objected to by the plaintiff, and received subject to the objection, the committee found that in the contract between the parties for the exchange of property as above stated, among other things it was agreed that neither party should, by accepting any deed given in pursuance of the arrangement, assume any personal liability in respect to any mortgage on the premises thereby conveyed. The question whether this evidence was admissible was left for the court. The committee also found that there was no promise or agreement made by the defendant to pay the mortgages, or any of them, on any of the property conveyed by the plaintiff to him pursuant to the agreement for an exchange, unless such promise or agreement was to be inferred as matter of law from the language of the deeds given to and accepted by the defendant.

If the plaintiff should be held entitled to recover on the first and second counts, and the court should be of the opinion that the rule of damages was the value of the property embraced in the mortgages to Frary and the Savings Society, and not covered by the deed to the defendant at the time the last-named deed was given, then it was found that the plaintiff was entitled to recover the sum of $3,500 with interest. But if the rule of damages should be held to be the value of the same property at the time the foreclosure by the Savings Society took effect, then it was found that he was entitled to recover the sum of $3,000 with interest. In addition to the above, the plaintiff claimed that he was entitled to recover the amount of the Frary note. The question whether he was so, was left for the court as a question of law upon the facts.

The court accepted the report and reserved the case upon it for the advice of this court.

*E. Goodman* and *R. D. Hubbard,* for the plaintiff.

1. The defendant, by the acceptance of the plaintiff's deed, became bound by the provision of the deed that the mortgage debts should be paid out of the property conveyed and the property not conveyed be saved from all liability. In *Pike* v. *Brown,* 7 Cush., 138, the Supreme Court of Massachusetts says:—" The principle is well settled that where one by deed poll conveys any right, title or interest in real estate to another, and where there is any money to be paid or any other debt or duty to be performed, by the grantee to the grantor, or for his use and benefit, and the grantee accepts the deed and enters on the estate, the grantee becomes bound to make such payment or perform such duty." In the case of *Foster* v. *Atwater,* 42 Conn., 244, our own court says (p. 254) : " We think that the defendant's acceptance of the deed in which the contract exists and of which it forms a part consideration, is equivalent to the signature of the defendant to the contract, for it can as easily and with perfect certainty be shown to be his contract." See also *Hinsdale* v. *Humphrey,* 15 Conn., 431; *Townsend* v. *Ward,* 27 id., 610; *Randall* v. *Latham,* 36 id., 48.

2. The defendant became liable to pay the mortgage debts under the clause in the deed which stated that the mortgages were a part consideration of the deed. The consideration for the sale was $26,000, and the deed states in express terms that the two mortgages are a part of the consideration of the deed. It cannot require much argument to show that if those mortgages were a part of the consideration of the sale, the defendant must pay that sum to somebody. If he paid them his duty was performed; if he did not pay them and the plaintiff had to pay them, then the defendant would be liable to pay the plaintiff the amount which the latter paid. The debt due to Frary was $4,950. This debt the plaintiff has been compelled to pay, and we claim that we are entitled to a judgment for this sum, with interest. We have seen by

the cases to which we have referred what the grantee in a deed of this kind is bound to do, and the question of the liability of the defendant and the amount of his liability is settled by the cases of *Townsend* v. *Ward*, 27 Conn., 618, and *Foster* v. *Atwater*, 42 id., 252. Our courts in so deciding have followed the decisions that have been made in other cases in this country and in England. In the case of *Waring* v. *Ward*, 7 Vesey, 337, the court go farther than this case requires, and say that if the party who purchases the equity of redemption does not enter into any obligation with the party from whom he purchases to save him harmless, yet, if he receives the possession and has the profits, the law, independently of any contract, raises an obligation to indemnify the vendor. *Tweddell* v. *Tweddell*, 2 Brown Ch., 152. In *Thompson* v. *Thompson*, 4 Ohio S. R., 333, the court say that if an abatement in the price is made to the purchaser of an encumbered estate, he is bound to indemnify the grantor against the encumbrance. It is also so decided in the following cases: *Lathrop* v. *Atwood*, 21 Conn., 117; *Townsend* v. *Ward*, 27 id., 610; *Goodwin* v. *Gilbert*, 9 Mass., 510; *Felch* v. *Taylor*, 13 Pick., 133; *Newell* v. *Hill*, 2 Met., 180; *Atlantic Dock Co.* v. *Leavitt*, 54 N. York, 35; *Comstock* v. *Hitt*, 37 Ill., 542; *Fowler* v. *Fay*, 62 id., 375; *Tichenor* v. *Dodd*, 3 Green Ch., 454; *Twichell* v. *Mears*, 6 Reporter, 40, July 10, 1878; *Urquhart* v. *Brayton*, id., 601, Nov. 6, 1878.

3. The evidence objected to by the plaintiff was not admissible. It is within the rule that no parol evidence is admissible to add to or vary a written contract. 2 Phill. Ev., 644, 751, and note 516; *Carter* v. *Bellamy*, Kirby, 291; *Bull* v. *Talcot*, 2 Root, 119; *Reading* v. *Weston*, 8 Conn., 121; *Crocker* v. *Higgins*, 7 id., 349; *Glendale Manf. Co.* v. *Protection Ins. Co.*, 21 id., 37; *Dale* v. *Gear*, 38 id., 15. The committee does not find when this contract was made or that it was the only contract. It does not tend to prove that there was any mistake in drawing the deed or that the contract was not altered before the deed was made. *Hale* v. *Hills*, 8 Conn., 39.

4. If the evidence is admitted it does not disprove anything proved by the deed. It is only this, that neither party should by accepting any deed assume any personal liability. It is not found that there was any understanding that the grantee should not indemnify the grantor against the mortgage debts upon the property. This is what the defendant in this case did. He did not assume the mortgage debts, but agreed to indemnify the grantor against them. If the defendant had assumed the debts secured by the mortgage the plaintiff could have sustained an action if he had not paid those notes when they became due. But on this indemnity no action could be brought until the plaintiff had paid the debts for which he was indemnified.

*H. S. Barbour* and *S. F. Jones*, for the defendant.

1. The language of the plaintiff in his deed to the defendant, taken in connection with the well-settled rule that the language of a deed is to be construed most strongly against the grantor, is not such as to show a contract on the part of the defendant either to pay the mortgages or to indemnify the plaintiff against them. *Foster* v. *Atwater*, 42 Conn., 244; *Pike* v. *Brown*, 7 Cush., 133; *Stebbins* v. *Hall*, 29 Barb., 524; *Belmont* v. *Coman*, 22 N. York, 438; *Collins* v. *Rowe*, 1 Abbot's New Cases, 97; *Ball* v. *Bradley*, 34 Conn., 496; *Elting* v. *Sturtevant*, 41 id., 183.

2. If the deed, taken by itself, would imply such a contract on the part of the defendant, it is well settled that the actual agreement under which a deed is given may be shown, and that parol evidence is admissible to prove it. 1 Greenl. Ev., § 282 to 284*a;* *Hannah* v. *Wadsworth*, 1 Root, 458; *Cone* v. *Tracy*, id., 479; *Belden* v. *Seymour*, 8 Conn., 304; *Meeker* v. *Meeker*, 16 id., 383; *Collins* v. *Tillou*, 26 id., 368; *Clarke* v. *Tappin*, 32 id., 56; *Foster* v. *Atwater*, 42 id., 251; *Post* v. *Gilbert*, 44 id., 9; *Clapp* v. *Tirrell*, 20 Pick., 247; *Lapham* v. *Whipple*, 8 Metc., 59; *McRea* v. *Purmont*, 16 Wend., 460; *Linsley* v. *Lovely*, 26 Verm., 123; *Lockett* v. *Nicklin*, 2 Exch., 92; *Clifford* v. *Turrill*, 9 Jurist, 633.

CARPENTER, J.   The plaintiff exchanged certain real estate in the city of Hartford, subject to two mortgages, (the mortgages also covering other real estate of the plaintiff,) for certain real estate in the city of Brooklyn also subject to a mortgage.   The deed from the plaintiff to the defendant, after describing the land and the mortgages thereon, contained the following clause: "The above described property is alone to be holden for the payment of both of the above debts."   There is also an exception to the covenant against incumbrances as follows:—"Except the above written mortgages of fifteen thousand dollars, which are a part consideration of this deed."   The mortgages were subsequently foreclosed, whereby the plaintiff lost the equity in other lands embraced in the mortgage and not included in the deed to the defendant.   The plaintiff paid or satisfied the second mortgage after it had been foreclosed.

This action is brought on an alleged promise contained in the defendant's deed to pay these mortgages, to recover the amount paid on the second mortgage and the value of the other property foreclosed.

The language of a deed poll may be such as to afford sufficient evidence of a promise by the grantee after the deed has been accepted by him; but, as the language is that of the grantor, doubtful or ambiguous expressions will not ordinarily be regarded as sufficient.   In *Foster* v. *Atwater*, 42 Conn., 244, the language, referring to the mortgages, is, "which with accrued interest the grantee assumes and agrees to pay and save me harmless from the same."   In *Pike* v. *Brown*, 7 Cush., 133, the language is, "which said sum is a part of the consideration before named, and this deed is on condition that said Pike shall assume and pay said note and the interest thereon as they severally become due and payable."   In each of these cases there is a clearly expressed intention that the grantee should become personally liable.

An estate may also be given on condition, or the deed may contain some stipulation in the nature of a condition or proviso, that the grantee shall do and perform certain things. In such cases the condition or stipulation co-operates with

the grantee's acceptance of the deed and imposes upon him the obligation named. *Randall* v. *Latham,* 36 Conn., 48; *Elting* v. *Clinton Mills Company,* 36 Conn., 296. But those cases are not precisely in point. The question here is whether the defendant's deed and its acceptence by him impose upon him a personal obligation to pay the mortgage debts.

In considering this question it is important to ascertain the intention of the parties. In this, as in other transactions, when that is discovered effect will be given to it if it can be done consistently with the rules of law. We are looking now for evidence of that intention in the language of the deed. In interpreting that language we are to place ourselves in the position of the parties as nearly as may be.

The parties have agreed upon the terms of an exchange and have come together to execute deeds and other writings to carry their agreement into effect. One thing agreed upon is that the defendant should personally obligate himself to pay the two mortgages, amounting to fifteen thousand dollars, and the scrivener is instructed to incorporate that agreement in the deed. We expect him to write in plain, unambiguous language, substantially as follows:—"The grantee by accepting this deed agrees to pay both said mortgages and indemnify and save the grantor harmless." That expresses the intention of the parties fully and leaves no room for question or doubt. That is a natural, obvious and easy thing to do. But instead of that he writes: "The above described property is alone to be holden for the payment of both of the above debts." Is it to be supposed that any intelligent man, especially if he had the advice of an able and astute lawyer, would accept that as an evidence of such an agreement? In this connection it must be borne in mind that the deed is his instrument, is being prepared under his instructions, and, assuming such a contract to have been made, he will have no difficulty in having it inserted in clear and intelligible language. The fact that he did not do so, but in lieu thereof had a clause inserted that will bear another meaning equally well, if not better, is pretty conclusive evidence that no such agreement was in fact made.

But the question recurs, what does the language of the deed mean? If we are right in our supposition that it did not mean to import a personal liability to pay the debts and save the plaintiff harmless, it is enough to defeat the plaintiff's claim, and we are relieved of the necessity of determining its real meaning. But if it can be otherwise interpreted, and a meaning attributed to it which is more consistent with the conduct and situation of the parties, it adds greatly to the force of the argument that it does not mean what the plaintiff claims that it does.

At best the expression is ambiguous. To give it the most favorable construction for the grantee, and perhaps we shall be justified in doing that, its meaning may be that the *plaintiff* agreed that the land described in the deed, and that alone of all the defendant's property, should be liable for those debts. That interpretation clearly excludes any personal liability, and all liability aside from the land conveyed.

But if that construction is inadmissible, it may mean that the grantee takes the land subject to the whole of the mortgage debts, and that he will not require any portion of the debts to be apportioned to other lands of the plaintiff embraced in the mortgage. This is in harmony with a subsequent clause which states that the mortgages of fifteen thousand dollars "are a part consideration of this deed."

To illustrate this view. Suppose the land conveyed to the defendant had been more than sufficient to pay both mortgages. Then doubtless the defendant would have paid them and would not have permitted a foreclosure. In that event the plaintiff's other land would have been free of the incumbrances, and the defendant would have been bound by his agreement not to call on the plaintiff for a contribution. That probably was just what the parties contemplated, and that is what they intended by the language of the deed.

But an unlooked for contingency arose. The property depreciated so that the whole property mortgaged was barely sufficient to pay the mortgage debts, and the creditors insisted upon foreclosing the whole. The plaintiff now claims that the defendant agreed, in substance, that the land he received

should be sufficient to pay the mortgages, and if not, that he would pay the deficiency and thereby save the plaintiff harmless. That, as it seems to us, adds materially to the language used, and interprets it as if written, " The above described property is alone to be holden for the payment of both of the above debts, and if it is insufficient for that purpose the grantee shall pay the deficiency." We are not aware of any rule of interpretation that will justify such a construction.

But the plaintiff insists that under that clause in the deed which states that the mortgages are a part of the consideration, the defendant is liable for the amount of the second mortgage paid by the plaintiff. The plaintiff here assumes that the contract between the parties was a sale of the property for the consideration of $26,000 cash, while in fact the contract was to sell to the defendant the equity of redemption merely, and the consideration was not $26,000 in money, but the equity of redemption in certain property in Brooklyn. Thus the real transaction between the parties effectually repels any implication of a contract from that clause in the deed. That the real contract in pursuance of which the deed was given may be shown by parol is well established. *Collins* v. *Tillou*, 26 Conn., 368; *Post* v. *Gilbert*, 44 Conn., 9.

The finding shows that the parties " stipulated and agreed that neither party should, by accepting any deed given in pursuance of said arrangement, assume any personal liability in respect to any mortgage on the premises thereby conveyed." The objection that parol evidence cannot be admitted to prove this agreement cannot be sustained. The authorities just cited, and many others, are conclusive on that point. As we have seen, the defendant did not expressly agree to pay the mortgages, and the language of the deed alone is not sufficient to raise such a promise. And now the actual contract being shown, it emphatically negatives any such promise.

Judgment is advised for the defendant.

In this opinion PARK, C. J., and PARDEE, J., concurred; LOOMIS and GRANGER, Js., dissented.