Mr. Justice Cox
delivered the opinion of the court.
This is an action by the administrator of a mortgagee against the estate of a person who purchased the equity of redemption and assumed the mortgage debt, to recover the balance of the debt remaining unsatisfied after a foreclosure sale.
There is an agreed statement of facts.
Those material to the present inquiry are as follows, viz.:
On the 7th of July, 1868, Martin Dixon executed a bond to Charles Christmas, in the State of New York, for $14,000, to he paid on the 7th of July, 1873, with interest at seven per cent, per annum, payable semi-annually; and at the same time executed a mortgage to secure the debt on certain real estate in Brooklyn, N. Y. The bond came, by regular assignment, to the plaintiff. On the 19th of July, *549 1869, Martin Dixon and wife conveyed the mortgaged property in fee to William W. W. Wood, the defendant’s.intestate, hy a deed, containing the following language, after the habendum, viz.: “Subject, however, to a certain indenture of mortgage made by said Martin Dixon to Charles Christmas to secure fourteen thousand dollars, dated July 7,1868, and recorded, &c., * * * which said mortgage, with the interest due and to grow due thereon, the party of the second part hereby assumes and covenants to pay, satisfy and discharge, the amount thereof forming a part of the consideration herein expressed, and having been deducted therefrom.” The grantee neither sealed nor signed the deed, and the “in testimonium” clause shows that he was not expected to do so, as it recited that it was signed and sealed by the grantors only; but he accepted it and went into possession under it and made several payments on account of the principal, and paid the interest regularly down to March 14, 1874, when he sold and conveyed the property to one Bryan.
In 1877 the property was sold under a foreclosure proceeding, and the proceeds of sale credited on the bond, and the balance due, if plaintiff, on the facts stated, is entitled to recover, is agreed on.
This action was brought in December, 1884, and is, in form, an action of covenant on the agreement on the part of Wood, set out in the deed to him before mentioned.
The pleas are “ never indebted,” and “ that the said cause of action did not accrue within three years before the commencement of the suit.”
The case was heard here in the first instance.
The discussion of the case has assumed a wide range and embraced such questions as these, viz.: whether a man may sue at all on a promise to pay him money made to a third person; if so, whether he can sue unless the promise be made directly and designedly for his benefit, instead of being primarily for the benefit of the promisee; whether such action can be maintained by the intended beneficiary when the contract is under the seals of the parties to it; and if *550 so, in what form; whether the alleged agreement in this case is to he considered a specialty or simple contract, not having been signed or sealed hy the defendant; and whether these questions are to he determined by the law of New York, where the contract was made, or by the law of this District where the remedy is sought.
Where a question arises hy which, of several systems or laws, contract rights are to he determined, the rule is that whatever relates merely to the remedy and constitutes part of the procedure, is determined by the law of the forum where the remedy is sought, for matters of process must be uniform in the courts of the same country; hut whatever goes to the substance of the obligation and affects the rights of the parties, as growing out of the contract itself, or inhering in it or attaching to it, is governed by the law of the place where the contract is made or is to he performed. See Pritchard vs. Norton, 106 U. S., 124.
In the present case the contract on which the action was founded was made in New York, and the money was payable there, as no other place was designated; and consequently the rights growing out of it are to be ascertained by a reference to the law of that State.
The first question is, whether an assignee of an equity of redemption, hy a deed which contains a covenant on his part to assume and pay the mortgage debt, but which deed is not sealed or signed hy him or intended so to be, is liable to suit for the debt in any form of action hy the mortgagee.
There is no statute on this subject in New York, but the right of the mortgagee to maintain such action has been maintained in a series of decisions hy the Court of Appeals of that State. See Trotter vs. Hughes, 12 N. Y., 14; Burr vs. Beers, 24 Id., 78; Thorp vs. Keokuk Co., 48 Id., 257; Hand vs. Kennedy, 83 Id., 149; Atlantic Dock Co. vs. Leavitt, 54 Id., 35; Vrooman vs. Turner, 69 Id., 280; Bowen vs. Beck, 94 Id., 86.
This may be taken as the settled law of New York, and so far the case of the plaintiff may he sufficiently clear.
But the important question relates’to his remedy.
*551 It will be observed that tbe defendant never executed the deed containing the agreement on which he is sued, but simply accepted it as grantee; and the question is whether that act makes the deed his deed, so that he is to be sued in an action of debt or covenant as on a specialty; or, on the other hand, his obligation is merely a promise implied by law from the act of accepting the deed, on which only assumpsit can be maintained.
This indebtedness, if any, is more than three years, and less than twelve years, old. If it is a simple contract debt, the plea of limitations is a perfect defence. If it is a specialty debt, there is no defence.
The New York case last mentioned goes farther than to recognize a right of action in the mortgage, and, on a state of facts like those in the present case, holds that the deed is the deed of the grantee, though he did not sign it, and is not affected by the statute of limitations of New York applicable to simple contracts.
The case is exactly in point, in support of the plaintiff’s case, if we are bound to accept the law of New York on this question as binding everywhere else. This depends upon the question whether the dignity or' grade of a contract is determined by the lex loci contractus or by the lex fori. Is the question whether a particular contract is a specialty or a simple contract, one which relates- to the construction of it, or the essential rights created by it, or one relating merely to the remedy? At first glance the former might seem to be the rule. But after all, the obligation of a contract, either to pay money or do a specific act, is just the same, whether it be under seal or not. The only differences made by the seal are in the form of the actipn on it, and the limit of time within which it must be brought. But these differences relate entirely to the question of remedy. It is admitted on all hands that the law of the forum must always determine what form of action must be adopted in a given case. And since the question whether assumpsit or ocvenant shall be brought depends on the dignity of the *552 contract, the determination of the latter seems involved in the former, and dependent on the same law.
Such seems to be the rule settled by the authorities.
Thus in Bank U. S. vs. Donnally, 8 Pet., 361, it appeared that an action was brought in Virginia, in 1829, on a promissory note dated June 25, 1822, made and payable (in sixty days) in the State of Kentucky. The statute of Kentucky of 1812 provided—
“That all writings hereafter executed without a seal or seals, stipulating for the payment of money or property, or for the performance of any act, duty or duties shall be placed upon the same footing with sealed writings containing the like stipulations, receiving the same consideration in all courts of justice, and to all intents and purposes having the same force and effect, and upon which the same species of action may be founded as if sealed.”
The law of Kentucky was set out in the declaration with the obvious view of giving to the note sued on the character of a specialty contract.
The defendant pleaded the statute of limitations of Virginia, which enacted that—
“All actions of debt, grounded on any lending on contract, without specialty, shall be commenced and sued within five years next after the cause of such action or suit, and not after.”
If the note sued on was to be treated as a specialty in Virginia, because it was made so in Kentucky, this defence was insufficient; otherwise, if, notwithstanding the Kentucky statute, it was to be treated as a simple contract in the courts of Virginia.
The Supreme Court, after noticing that the Kentucky statute did not, in terms, declare the note to be a specialty but only gave it the force and effect of one, say:
“ But whatever may be the legislation of a State as to the obligation or remedy, its acts can have no binding authority beyond its own territorial jurisdiction; whatever authority they have in other States depends on principles of international comity and a sense of justice. The gen *553 eral principle adopted by civilized nations is, that the nature, validity and interpretation of contracts are to be governed by the law of the country whére the contracts are made or are to be. performed. But the remedies are to be governed by the laws of the country where the suit is brought. No one will pretend that because an action of covenant will lie in Kentucky on an unsealed contract made in that State, therefore a like action will lie in another State where covenant will only lie on an instrument under seal. * The nature, validity and interpretation of the contract may be admitted to be the same in both States; but the mode by which the remedy is to be pursued, and the time ivithin which it is to be brought, may essentially differ. The remedy in Virginia must be sought within the time, and in the mode, and according to the descriptive character of the instru-_ ment known to the laws of Virginia, and not by the description and character of it prescribed in another State.”
Now, if to be a specialty, as distinct from a simple contract, is a part of the meaning or of the essence of a contract to pay money, the law of Kentucky entered into this contract, and it was entitled everywhere to the same consideration, force and effect as a sealed instrument. But the Supreme Court has decided otherwise, and held that, although it had the force and effect of a specialty in Kentucky, it had not, therefore, the same in-Virginia, but its descriptive character, in this respect, must be determined by the law of the latter State, and as by that law the note sued on was a simple contract, the defence" of limitations appropriate to that character of cause of action must prevail.
A similar case is that of Leroy vs. Beard, 8 How., 451. It was an action of assumpsit, brought in the United States Circuit Court for New York, .on a covenant of seisin contained in a deed of land executed in Wisconsin, to which only a scrawl or ink seal was attached, instead of a seal of wax or wafer which was required to make an instrument ^ deed) in New York. The court below instructed the jury that the action of assumpsit was the proper form. And the Supreme Court say: “It becomes our duty to consider the *554 nstruction * * * as correct in relation to the form of 1the remedy. It was obliged to be in assumpsit in the State of New York. * * ' * We hold this, too, without impairing at all the principles that, in deciding on the obligation of the instrument as a contract, and not on the remedy on it elsewhere, the law of Wisconsin as the lex loci contractus must govern.”
This is a clear decision that what was a specialty in Wisconsin was not, for that reason, a specialty in New York, and that the law of the latter State must determine the question.
This would be sufficient to settle the law on this question for us, but it may not be amiss to show that the rulings in the State courts are similar.
In Trasher vs. Everhart, 3 Grill & J., 234, it appeared that a suit in assumpsit was begun in the State of Maryland by attachment on a single bill, or promissory note under seal, executed in Virginia, which, by the laws of Virginia, was not a specialty, but a promissory note.
At the trial, the note was offered in evidence and was objected to as not proper to sustain assumpsit. Evidence as to the law of Virginia having been given, the court admitted the paper.
The Court of Appeals reversed the decision, saying: “ The dispute is merely upon the remedy; that is to say, whether the action shall be covenant or assumpsit, upon a given contract between two persons within the jurisdiction of the court. The substance and effect of the recovery is the same in either form. * * * The character of the instrument must be regulated by a reference to our domestic law.”
Similar rulings will be found in Andrews vs. Herriott, 4 Cow., 508; Douglas vs. Oldham, 6 N. H., 160; Brodhead vs. Noyes, 9 Mo., 56. And we are not advised of any line of decisions to the contrary.
We are therefore forced to the conclusion that our own local law must determine the form of action in which this right of the mortgagee is to be asserted in this jurisdiction and whether it is barred by limitations.
*555 At common law, while there was some controversy as to the right of a third person to sue on a parol promise made to another for his benefit, it was pretty clear that no such right existed as to promises under seal.
As Sheppard’s Touchstone says, p. 174: “Any one that is party to the deed, to whom the covenant is made, may take advantage of the covenant, but not a stranger; for if A covenant with B to do an act to C, who is no party to the deed, and he doth it not, B, and not C, must sue him upon this breach.”
The United States Supreme Court evidently takes this view in Hendrick vs. Lindsay, 93 U. S., 149, where they say: “It is argued, as Mansfield’s name does not appear in the letters of Hendrick, that he could not join in this action. This would be true if the promise were under seal, rqeuiring an action of debt or covenant; but the right of a party to maintain assumpsit on a promise, not under seal, made to another for his benefit, although much controverted, is now the prevailing rule in this country.” And the court cite, for this position, 1 Parsons on Contracts (6th ed.) 467, where it is said: “ But where the promise is made under seal, and the action must be debt or covenant, then it must be brought in the name of the party to the instrument; and a third party for whose benefit the promise is made cannot sue upon it.”
We cannot but regard it is an innovation upon the common law, to hold that in case of a deed containing mutual covenants, regularly executed by both parties, a third person, a stranger to the instrument, may sue one of the parties on his covenants, though made for his benefit.
Still, it is no business of ours if the courts of New York choose to so modify the common law in reference to a New York contract, as to create rights which we woDld not recognise in a similar case arising within our own jurisdiction.
But we regard it as a still bolder innovation on the common law, to hold that the acceptance of a deed in fee-simple containing words of covenant on the part of the grantee, *556 but which is not and never was intended to be executed by him, makes it his deed, as if he had signed and sealed it, and creates a specialty obligation on his part.
We are not aware tha't any such result followed the acceptance of a deed at common law, except where a relation of tenure was created between the parties, and then only to a limited extent.
Co. Littleton, 231a, is referred to in support of the position taken in New York. The case was that where a lease was made to two on certain conditions, and the indenture bound them in a penalty to the performance of the conditions, and one only of the lessees sealed the' lease, it was nevertheless held that an action for the penalty ought to be brought against both, and’the plea in abatemeut of nonjoinder was sustained. In fact, Lord Coke was not discussing covenants, but commenting on Littleton’s text in relation to estates in condition, in which (sec. 294) it was shown that whoever enters under a deed is bound by all the conditions in it, whether he executed it or not. The case put by him to illustrate this does go so far as to hold that a tenant bound by conditions is also bound by a penalty securing them, and was liable to action. What the form of action was does not appear. The liability to the penalty was put on the ground that he had agreed to the lease. The action must have been debt because there was no covenant, and that did not necessarily rest upon a specialty, but may have been founded on the assent to the conditions of the lease inferred from the act of entering under it.
The case is not a clear authority for treating the lease as the deed of the lessee, not executing it even as between landlord and tenant. But the limitations of the law on this subject are further shown in Sheppard’s Touchstone, p. 176, in which Coke is cited. It is said :
“ If a feoffment or lease be made to two, or to a man and his wife, and there are divers covenants in the deed to be performed on the part of the feoffees or lessees, and one of them doth not seal, or the wife doth not, or doth not seal during the coverture, and he or she that doth not seal *557 doth, notwithstanding, accept of the estate, and accept the lands conveyed, or demised; in these cases, as touching all inherent covenants, as for payment of rent and the accessories thereof, clauses of distress or re-entry, nomine poenoe, reparations and the like, they are bound by these covenants as much as if they -do seal the deed.”
And after giving one or two other illustrations, he adds : “ But quaere of collateral covenants in the first cases, for therein it seems the feoffee or lessee is not hound.”
In all the cases referred to by him there is the relation of tenure accompanied with a reservation of rent.
But this is not authority for holding that in a deed in fee by which a grantor parts with his entire estate, a covenant to pay a gross sum to a stranger, which is essentially, collateral, becomes the covenant of the grantee, though not executed by him, so as to sustain the technical action of covenant. Such a position seems to us contrary to common law principles which are our only guide upon questions of this character. The weight of authority seems to us to be' that a deed, whether in form of indenture or deed poll, is only the deed of him who signs and seals it, while it may be the simple contract, at the same time, of him who signs without sealing, or, under some circumstances, of him who neither signs nor seals, but only accepts it.
In Stabler vs. Cowman, 7 Gill & J., 284, where an agreement was clearly intended to be signed and sealed by both parties, but one omitted to seal through accident, the court held that he could be sued in assumpsit, while the instrument was the deed of the other party.
The subject has been discussed at some length in other States where common law principles have not been departed from, and even in cases of leases it has been held that the, same rule applies. Without citing from them at length we refer to Henderson vs. Humphries, 15 Conn., 431; Johnson vs. Muzzy, 45 Vermont, 420 ; Maule vs. Weaver, 7 Pa., 329; Trustees vs. Spencer, 7 Ohio, pt. 2,149 ; Martin vs. Drinan, 128 Mass., 515. In one of these cases (45th Vt.), the case *558 ot Finley vs. Simpson, 2 Zabriskie, 311, is spoken of as the only American case holding an opposite view.
For these reasons, even in States where a right of action by a mortgagee against the grantee of the equity of redemption, in cases like the present, is conceded, it is, nevertheless, held that the action must be assumpsit, as upon a promise implied from the acceptance of the deed containing the covenant to be performed by the grantee. Locke vs. Horner, 131 Mass., 93, and cases cited.
Our conclusion, then, is that if the mortgagee, under the rulings in New York, is entitled to claim the mortgage debt directly from the purchaser of the equity of redemption, in a case like the present, still he must asssert his claim here in an action of assumpsit, and that our act of limitations is a bar to any action brought more than three years after the cause of action has accrued.
For these reasons judgment must he for the defendants.