### SAMUEL HUFF *versus* SALATHIEL NICKERSON.

If a conveyance of an interest in land be made in the common form of a quitclaim deed, containing this stipulation, —" provided said grantee shall pay said grantor or his assigns, twenty-two dollars annually from this date on demand"— until the happening of a certain event ; and the grantee holds under the deed, but fails to make the annual payments when demanded ; the grantor may sustain an action of assumpsit against the grantee, to recover the money.

THIS case came before the Court upon the following statement of facts, made by the parties.

"Lincoln, ss.   District Court, Middle District, Feb. Term, 1847.

"This is an action of assumpsit on an account annexed to the writ, which account was for "*rent due*" to the plaintiff, $72,09, also a count for use and occupation.   The writ is dated, April 6, 1845.

"One William Cunningham occupied the land, being the same on which the defendant lives, in Belfast, in the county of Waldo, for more than 20 years, and until the time of his death in July, 1831.   Twelve or fourteen years before his death a marriage was solemnized between said Cunningham and Elizabeth Huff, who lived together as man and wife, till his death ; and she continued to reside in the house on the premises, for more than a year after.    After said marriage and before the death of said Cunningham, said William gave the land to his son Benjamin, who agreed to maintain him, and who, after his father's death, sold the same to this defendant.

" Said Elizabeth Cunningham, the widow, by her deed of release and quitclaim, of July 18, 1832, conveyed to the plaintiff, her son by a former husband, "all her right, title and interest in and to all the lands, tenements, and hereditaments which were belonging to the said William Cunningham, my late husband, at any time during the coverture between him and me, the said Elizabeth, situated in Belfast or elsewhere, and also all manner of action or actions, writ or writs of dower whatever, so that neither I, the said Elizabeth, nor any other person for me, or in my name, or writ of action of dower, or any right or title of dower of or in the said lands, tenements and hereditaments, or any part thereof, at any time hereafter shall or may have, claim or prosecute against the said Samuel Huff, his heirs or assigns.

" It is further agreed, that the plaintiff could prove by parol evidence, (the defendant protesting against its admissibility,) and the same if legally admissible, is to be regarded as a part of the statement of facts agreed upon, for the purpose of this trial, that on the 17th Sept. 1832, at the house on the premises, in which the widow was then living, a trade was made between the plaintiff and defendant, concerning said Huff's interest in the land in question.  The defendant said he did not wish the dower set off, but preferred to pay a yearly price while the widow should live, which course being agreed to, the defendant agreed to pay the plaintiff $22, a year, during the widow's lifetime, and the plaintiff then gave a deed in the form of a release and quitclaim, with a condition, bearing date, Sept. 17, 1832, purporting to convey "all his right, title and interest in and to a parcel of land situate in Belfast aforesaid, and being lands formerly possessed by Major William Cunningham, of said Belfast, deceased, and being all lands now claimed by said Nickerson under said William Cunningham or said William Cunningham's assigns.  *Provided,* said Nickerson shall pay said Huff or his assigns, twenty-two dollars annually, from this date, on demand by said Huff or his assigns at said Nickerson's dwellinghouse in said Belfast.  Said Nickerson is to pay said twenty-two dollars annually as aforesaid, during the

natural life of Elizabeth Cunningham, relict of said William Cunningham.

" The above mentioned deed was executed and delivered by the plaintiff to the defendant at the house on the premises. After delivering the deed, plaintiff asked of defendant some writing for his $22 annually. Defendant said it was unnecessary, and then called witnesses, that he would pay said $22 a year. That it was for rent of the same land; that plaintiff in the conversation claimed nothing in the land but his mother's right of dower; that the defendant assented to that claim and acknowledged the right of dower; and that no other right or title in Huff was talked of.

" The witnesses to the agreement, as before mentioned, were called on after the giving of the deed, but at the same interview. The acknowledgment was taken afterwards at a store.

" In the spring of 1839, the defendant inquired about the widow's health; said he wished he had bought the right of dower outright, instead of paying an annual sum during her life, instead of paying for the use so long by the year; and that he had not expected her to live so long.

" In the early part of the year 1844, the plaintiff went to the house on said premises, the defendant then living in said house, and demanded of the defendant the rent due; plaintiff asked defendant if he denied paying it, who replied that he did not; defendant wanted plaintiff to make him an offer of a sum outright for the dower and what was then due. Defendant asked plaintiff what he would take for what was then due and what was to come and have no more trouble. The demand was for three years rent which plaintiff claimed to be the amount due. When defendant said he did not deny paying it, as above stated, he added that he had paid enough, and then inquired what the plaintiff would take for what was due and what was to come.

" The payment for 1840, of $22, was made at the end of that year; the parties then called it " rent."

" The rent of a third of said premises was worth for 1841, 1842 and 1843, $30 a year.

" Upon the foregoing statement of facts and just and legal inferences from the same, the parties agree, that if the plaintiff be entitled to recover, the defendant is to be defaulted and judgment rendered for such sum as the Court shall adjudge to be due ; otherwise plaintiff is to become nonsuit, reserving the right of appeal.

" The prevailing party to be entitled to costs."

*Ruggles* and *Ingalls,* for the plaintiff, said that the objection to the plaintiff's recovery was purely technical, going only to the form of the action, and not to the merits. And the Court will sustain the action, if it can be done without doing violence to settled principles of law.

The defendant occupied the thirds by permission and consent of the plaintiff, and the twenty-two dollars annually may properly be called rent. The use was secured to the defendant by a writing in the form of a release, and this release or grant may be construed to mean any species of contract or conveyance, which will best effectuate the intention of the parties. *Marshall* v. *Field,* 6 Mass. R. 24 ; *Pray* v. *Pierce,* 7 Mass. R. 381 ; *Litchfield* v. *Cudworth,* 15 Pick. 23.

In the construction of a deed the Court will take into consideration the circumstances attending the transaction, and the state of the thing granted at the time, to ascertain the intent of the parties. *Adams* v. *Frothingham,* 3 Mass. R. 352. A sale on condition to pay for use is a lease. 22 Pick. 535.

The consideration named in the deed is but twenty-five dollars, and the release may be regarded as a sale coupled with a contract or condition to pay twenty-two dollars annually, and if not paid the release to be void. The further consideration may be shown by parol, and that further consideration may be an agreement to pay the stipulated rent, and the defendant shall be bound. Shep. Touch. 266 ; Gilbert's Law of Covenants, 26 ; 2 Modern, 80.

But whether the instrument be more properly, in its form, a conveyance or lease, is immaterial. The defendant contracted to pay a yearly rent of twenty-two dollars for the use of the

thirds during the life of the widow. The plaintiff demanded the rent, the defendant acknowledged it to be due, and it not being paid, this action is brought to recover it; and the Court need not go beyond this, to sustain the suit against a technical defence.

The defendant cannot object to the plaintiff's title, or want of title. This action does not depend upon the validity of the plaintiff's title to the estate, but on contract between the parties, express or implied. *Codman* v. *Jenkins*, 14 Mass. R. 96; 13 Mass. R. 481.

Nor is the agreement or promise to pay rent, within the statute of frauds. *Wilkinson* v. *Scott*, 17 Mass. R. 249; *Dillingham* v. *Runnells*, 4 Mass. R. 400; *Sherburne* v. *Fuller*, 5 Mass. R. 133. Nor is it so, on account of its not being payable within the year. The widow might have died within the year. 1 Salk. 280; 3 Burr. 1278; 22 Pick. 97; 18 Pick. 569; 19 Pick. 364.

The statute itself secures rent, *eo nomine*, to the widow after demand. It gives "one third of the rents." And in certain cases dower may be assigned in rents and profits. Rev. Stat. c. 144, § 7 and 9.

*H. C. Lowell*, for the defendant, argued in support of these propositions, and replied to the argument of the counsel for the plaintiff.

This action of assumpsit cannot be maintained : —

1. Because there is no relation of landlord and tenant, between the plaintiff and defendant, and there is no contract to pay rent.

2. Because the conveyance of September, 1832, cannot be regarded as a lease without violence to legal principles, inasmuch as the right of a widow to have dower assigned is not such an estate as can be the subject of a lease.

3. Because here is an express stipulation by deed, which relates to this subject matter, and is still in force, and in such case assumpsit cannot be maintained.

4. And because of such stipulation by deed any previous colloquium between the parties, or oral testimony of their de-

clarations, as to the true intent and construction of the deed, will be rejected.

5. Because the neglect to deny the plaintiff's claim for rent or money, or a promise to pay it, even, like the promise of a judgment debtor to pay the debt, would be merely a recognition of the provisions stipulated in the higher security, and could furnish no ground for an action of assumpsit.

6. Because, to sustain this form of action, would be practically to deny to the defendant an opportunity to set up those defences, which the terms of his deed legally secured to him. The widow has no dower, and the plaintiff no estate.

7. Because the stipulation in the deed is not the defendant's agreement to pay the money, but the proviso and condition on which he consented to take the conveyance. He may comply with the terms of the proviso or not. If not, the estate will be defeated, and the grantor may enter upon it.

8. And because the action cannot be sustained without disregarding the best evidence, and exposing the parties to all the mischiefs of fraud and perjury, and against which it is the duty of the courts to guard.

He cited 1 Chitty's Pl. (8 Am. Ed. 1840) 103, 104, and authorities cited, to show that assumpsit cannot be supported when there has been an express stipulation under seal, which relates to the same subject matter and is still in force.

That the parol evidence objected to in the statement should not be admitted. 1 Greenl. Ev. § 275, 281, 282; 1 W. Black. 1249; 11 Mass. R. 27; 4 Bro. Ch. 519; 1 Mass. R. 69; 10 Mass. R. 462; 8 Mass. R. 146.

That the estate was not the subject of a lease or claim for rent. 1 Hilld. Abr. 881; *Croade* v. *Ingraham,* 13 Pick. 33; 1 Shep. Touch. 267; 5 Greenl. 481.

That there is no ground for saying, that stat. c. 144, § 7 and 9, gives a claim for rent in such case. 3 Pick. 475; 5 Pick. 146.

To show that his fifth proposition was tenable, and well founded in law. *Codman* v. *Jenkins,* 14 Mass. R. 95; *Hawkes* v. *Young,* 6 N. H. R. 300; *Andrews* v. *Mont-*

*gomery,* 19 Johns. R. 162; *Wood* v. *Edwards, ib.* 205; *Kimball* v. *Tucker,* 10 Mass. R. 193; *Bowes* v. *French,* 2 Fairf. 182; *Wheelock* v. *Freeman,* 13 Pick. 165; *Hatch* v. *Crawford,* 2 Porter, 54; *Miller* v. *Watson,* 5 Cowen, 195, and 7 Cowen, 39; *Young* v. *Preston,* 4 Cranch, 239.

That this was a conveyance upon condition subsequent; that the estate was subject to be defeated by the non-performance or breach of the condition; and that the only remedy for the grantor was by re-entry for such breach. 4 Kent, (4 Ed.) 122 to 133; 2 Cruise's Dig. ch. 1; 1 Hilld. Abr. 257, 265; 2 Metc. 184; 5 Pick. 528; 7 Greenl. 225; 2 Story's Eq. § 1315, 1316; Rev. St. c. 145, § 14 to 18; c. 125, § 1, 6, 9, 10, 11; c. 96, § 10.

The opinion of the Court was drawn up by

WHITMAN C. J. — The plaintiff conveyed to the defendant, by deed of release and quitclaim, bearing date Sept. 17, 1832, all his right, title and interest in and to a parcel of land, situated in Belfast; being the same formerly possessed by Major William Cunningham, formerly of Belfast, deceased, and being all the lands then claimed by the defendant, under said deceased. The deed of the plaintiff, however, contains a proviso, that the defendant shall pay the plaintiff or his assigns twenty-two dollars annually, from the date of the deed, on demand, by the plaintiff or his assigns, at said Nickerson's dwelling-house in said Belfast. This proviso is then followed by this clause, "said Nickerson is to pay said twenty-two dollars annually, as aforesaid, during the natural life of Elizabeth Cunningham, relict of the said William Cunningham." This annuity was regularly paid until 1840, and inclusive of that year. In 1844, the annuity from 1840 then being in arrear, the plaintiff made the proper demand, as seems to be admitted, of the annuity for the three years then remaining unpaid. The defendant did not then comply with the demand; and the plaintiff afterward brought this action to recover the amount claimed.

The defendant now contends, that he is not liable, if at all,

in an action of assumpsit; and this is the question we are called upon to decide. In settling it we have very little occasion for going into an argument to establish the plaintiff's right to recover; and we cannot regret that such is the case, when the equity of the case is manifestly with him. We find authorities directly in point, which clearly show that the defendant must be held to be liable in assumpsit. The first in *Goodwin & al.* v. *Gilbert & al.* 9 Mass. R. 510. The language of the Court in that case was, "we are all satisfied that, as a general rule, where land is conveyed by deed, and the grantee enters under the deed, certain duties being reserved to be performed, as no action lies against the grantee on the deed, the grantor may maintain assumpsit for the non-performance of the duties reserved." And the Court remark, in the same case, that where the law raises the promise it is not within the statute of frauds. The defendant here has enjoyed the benefit of the conveyance, which was an extinguishment of a right of dower of the widow of William Cunningham, in an estate conveyed to the defendant by him in his lifetime; and which she had assigned to her son, the plaintiff. This right the defendant had enjoyed ever since he took his deed from the plaintiff; and by virtue thereof, she being still alive.

The case of *Rogers* v. *the Eagle Fire Co. of N. Y.* 9 Wend. 611, is also an authority in point. Mr. Justice Nelson, in delivering the opinion of the Court in that case, after citing with approbation the case of *Goodwin* v. *Gilbert*, and 1 Bacon, 178, note, and cases there cited, says, it cannot be controverted, that assumpsit lies for rent reserved on a deed poll, "upon the principle, that whoever takes an estate under a deed, ought, in reason and equity, to be obliged to take it under the terms expressed in the deed."

The case of *Croade* v. *Ingraham*, cited for the defendant, is distinguishable from the case at bar. There the stipulated annuity was sought to be recovered of the assignee of the estate; and the Court very properly held that it was not recoverable; that it was not a liability that accompanied the title to the land. The Court there held the contract good as between

the original parties. Here the claim is against the original contractor, and in favor of the original bargainee.

*Defendant defaulted.*