# WILLIAM URQUHART *vs.* WILLIAM W. BRAYTON.

A. made three successive mortgages of his realty to B. and C. and D. He then sold this realty to E., describing the mortgages in his deed of conveyance and adding the words, "which said mortgages are hereby assumed by E. as part of the consideration of this deed." Subsequently B., the first mortgagee, sold the realty under the powers of his mortgage. D., the third mortgagee, then brought *assumpsit* against E., the purchaser from A., for the amount of A.'s mortgage note to D.

*Held*, that E. was liable for the amount of the note.

*Held*, further, that E.'s liability was under an implied contract, and hence not subject to the statute of frauds.

*Held*, further, that E.'s liability, not arising from a sealed contract, might be enforced by *assumpsit.*

*Held*, further, that D. was entitled to recover.

*Semble*, that E.'s implied contract with D. is by novation substituted for A.'s contract with D.

ASSUMPSIT.    Heard by the court on the following statement of facts agreed to by the attorneys of the litigants :

William W. Brayton purchased of one Alexander O'Toole certain realty and received a deed.    O'Toole had previously given three mortgages on the property, and these mortgages are all referred to in the deed.    This portion of the deed is recited in the opinion of the chief justice. Urquhart, the plaintiff, was the third mortgagee.    After the purchase by Brayton the property was sold under the first mortgage.    Prior to this sale and after his purchase Brayton paid two instalments of interest on Urquhart's note, the money to pay one of which was furnished by O'Toole, and the funds to pay the other were furnished by Brayton himself.    Brayton, hearing that Urquhart was willing to sell O'Toole's mortgage for $200, offered this sum, which was refused, Urquhart demanding $400 for it, an amount which Brayton refused to give.

The action was begun in the Court of Common Pleas and brought into this court by the plaintiff's appeal.

*July* 20, 1878.    DURFEE, C. J.    This is an action of assumpsit upon a promise, which the plaintiff claims is to be implied in his favor against the defendant.    The facts are these : On the second day of June, 1875, one Alexander O'Toole made his promissory note for $480, payable to the plaintiff, one year after date, with interest payable semi-annually in advance until the principal is paid.    As security for the note, O'Toole gave the plaintiff a mortgage on real estate, subject to two prior mortgages, one for $1,200 and the other for $500.    On the eighth day of July, 1875, O'Toole conveyed said real estate to William W. Brayton, the defendant.    The deed, after stating the consideration to be $100, and describing the premises, declares that the premises are " subject to three notes dated as follows : One to Horace Martin, dated September 16, 1873, for four years, $1,200 ; one to Walter B. Martin, dated April 6, 1872, for three years, $500 ; and one to William Urquhart, dated June 2, 1875, for one year, $450, making whole amount of incumbrances upon said estate twenty-one hundred and fifty dollars, which said mortgages are hereby assumed by Wm. W. Brayton as part of the consideration of this deed."

The property was subsequently sold.    Prior to the sale, and

after the defendant's purchase, the defendant paid two instalments of interest on the plaintiff's note, the money to pay one instalment being sent by O'Toole through the defendant, and the other being paid by defendant himself.

The defendant having heard that the plaintiff was offering the mortgage for sale for $200, offered him that amount, but the plaintiff denied having offered to sell for $200 and demanded $400, which the defendant refused to give. The plaintiff then commenced this action. The defendant contends that the action cannot be maintained.

We think there can be no doubt that the defendant, by accepting the estate conveyed, must as a matter of law be presumed to have agreed to pay the notes secured upon it ; for he does not simply buy the estate subject to the mortgages, but impliedly assumes to pay the mortgages as a part of the consideration. *Braman* v. *Dowse*, 12 Cush. 227 ; *Pike* v. *Brown*, 7 Cush. 133 ; *Furnas* v. *Durgin*, 119 Mass. 500 ; *Crawford* v. *Edwards*, 33 Mich. 354 ; *Collins* v. *Rowe*, 1 Ab. New Cas. 97 ; *Thorp* v. *Keokuk* v. *Coal Co.* 47 Barb. S. C. 439 ; Jones on Mortgages, §§ 748, 749. The contract, being implied, is not within the statute of frauds ; and not being under seal, may be enforced by an action of *assumpsit*. *Pike* v. *Brown*, 7 Cush. 133 ; *Goodwin* v. *Gilbert*, 9 Mass. 510 ; *Felch* v. *Taylor*, 13 Pick. 133 ; *Huff* v. *Nickerson*, 27 Me. 106 ; *Hinsdale* v. *Humphrey*, 15 Conn. 431 ; *Rawson's Administratrix* v. *Copland*, 2 Sandf. Ch. 251.

The question is whether the agreement implied between the defendant and the grantor inures to the benefit of the plaintiff, as one of the mortgagees, so as to enable him to sue the defendant directly, or, in other words, whether it can create any privity of contract between them. The decisions on this question are conflicting, but many of the more recent cases support the right of the mortgagee to maintain the action. *Burr* v. *Beers*, 24 N. Y. 178 ; *Lawrence* v. *Fox*, 20 N. Y. 268 ; *Joslin* v. *New Jersey Car Spring Co.* 36 N. J. Law, 141 ; *Bassett* v. *Hughes*, 43 Wis. 319 ; *Twichell* v. *Mears*, 6 Reporter, 40 ; *Lamb* v. *Tucker*, 42 Iowa, 118 ; *Putney* v. *Farnham*, 27 Wis. 187 ; *Bristow et al.* v. *Lane et als.* 21 Ill. 194 ; *Bohanan* v. *Pope*, 42 Me. 93 ; *Vrooman* v. *Turner*, 8 Hun, 78 ; *Brown* v. *Roger Williams Ins. Co.* 5 R. I. 394 ; *Motley* v. *Manufacturers' Ins. Co.* 29 Me. 337 ;

*Carnegie et al.* v. *Morrison et al.* 2 Met. 381 ; *Brewer* v. *Dyer*, 7 Cush. 337 ; but *contra* see *Mellen* v. *Whipple*, Gray, 317 ; and *Crowell* v. *Currier*, 27 N. J. Eq. 152, the right of action being denied in the latter case, however, solely on the ground that a promise implied from the acceptance of a deed is a specialty.

The ground of decision is variously stated in these cases. It is sometimes broadly maintained that when one person contracts with another for the benefit of a third, the latter, though not privy to the consideration nor cognizant of the contract when made, may yet maintain an action upon it. It is sometimes argued that the grantee's retention of a part of the price, on agreeing to pay the grantor's debt, makes the money retained a sort of trust fund, as to which the law implies a promise in favor of the creditor ; or, again, it is said the promise may be regarded as made to the creditor through the medium of the grantor acting as his agent, so that, when he is informed of it, he may ratify and adopt it. This is equivalent to regarding the transaction as a novation, or, if not, we think it may be so regarded. The case stands thus : B. is indebted to A. B. sells land to C., who agrees, instead of, paying the price in full, to assume the debt, or to become A.'s debtor in lieu of B. If A. were present assenting, the novation would be consummated on the instant ; but A., being absent, learns of the agreement afterward and assents to it by bringing his action. Why may we not hold the novation consummated by the assent so given as effectually as if given on the instant ? If it be said that in order to create a privity between A. and C. the assent must be mutual, the answer is that C. had already assented, and there was nothing wanting but A.'s assent to perfect the novation. To reach such a conclusion it is only necessary to make certain presumptions which are so appropriate to the nature of the transaction that the law can readily allow them.

We think the action is maintainable, and that the plaintiff is entitled to recover of the defendant the amount remaining due on the mortgage note.

POTTER, J., concurring. It seems to me, while concurring in the result, that it is not necessary to resort to the doctrine of novation in order to sustain the plaintiff's suit. The authorities cited by the plaintiff's counsel amply sustain his right to recover.

It is the simple case of one man's placing money in the hands of another for the use of a third person, and to be paid to him. It is a provision for the benefit of the third person, and which he may enforce. And in this case the deed contains the condition, and the purchaser, by acceptance, promises the seller that he will make the payment.

In some classes of cases, where money is by one man placed in the hands of another, and this other promises the first-named to pay it, or do something for the benefit of a third, the fulfilment of the promise may be interfered with by revocation before the third person has accepted or acted on it. That objection does not lie here. The vendor could not recall the money from the vendee.

And if the vendee performs his contract and pays the mortgage, that is a full protection to any claim on him by the vendor.

It is, in fact, a part of the consideration money left in the vendee's hands. It is, so far as the vendee is concerned, the same as if the old mortgage had been discharged at the time of sale and he had himself given a new note or bond and mortgage for the same sum to the holder of the old one.

See the recent case of *Twichell* v. *Mears*, in the United States Circuit Court, Northern District of Illinois, 6 Reporter, 40 ; and see *Cumberland* v. *Codrington*, 3 Johns. Ch. 229 ; *Parkinson* v. *Sherman*, 74 N. Y. 88.                     *Judgment for plaintiff.*

*Charles Bradley*, for plaintiff.

*B. N. & S. S. Lapham*, for defendant.