## MECHANICS' SAVINGS BANK *vs.* DAVID F. GOFF, JUNIOR.

A. mortgaged certain realty, and subsequently conveyed the land to B. by a deed which described the mortgage, and provided that the payment thereof "is assumed by this grantee as a further consideration for this conveyance." B. conveyed the land to C., and C. to D., the deeds of B. and C. containing the same provision as that of A. The mortgagee sued C. for the amount of the mortgage debt.

*Held*, that the action was well brought. If the right to sue arises from novation, the novation may well involve a series of debtors; if it arises from a rebate of the purchase consideration, the rebate runs through all the deeds.

*Held*, further, that C.'s liability was not discharged unless the mortgagee accepted D. as debtor.

The equitable owner of a bill payable may sue in the name of the legal owner.

EXCEPTIONS to the Court of Common Pleas.

*January* 19, 1882. DURFEE, C. J. This case comes up on exceptions from the Court of Common Pleas. The action is *assumpsit*, and was brought to charge the defendant for the amount due on a promissory note for $2,300, given July 1st, 1873, by one John C. Tufts, and secured by mortgage on his land. September 14, 1874, Tufts sold and conveyed the land to William H. Read and Sarah L. Read, his wife, by deed, containing the following clause, to wit: "Said premises are subject to a mortgage here-

tofore given to the Mechanics' Savings Bank of city of Providence, aforesaid, to secure the payment oʻ the sum of $2,300, and interest, the payment of which is assumed by this grantee as a further consideration for this conveyance." December 26, 1874, the land was sold and conveyed by the Reads to the defendant, and subsequently by the defendant to one Mary Whitaker by deeds containing the same clause.

At the trial, after proof of these facts by the plaintiff, the defendant submitted proof that the mortgage and note had been assigned by the plaintiff bank to one William H. Hall, before suit, by deed dated October 29, 1880. The defendant also testified that neither the bank nor Hall had ever notified him that they, or either of them, looked to him to pay the note, nor asked him to pay it, nor signified their assent in any way to his assumption of the debt. He asked the court to rule, *first*, that if the bank did not assent to take him as the debtor and notify him that it looked to him for payment before the assignment, it could not recover ; *second*, that the suit could not be maintained in the name of the bank, the bank having assigned before suit, and there being no proof of its assent to the suit; and *third*, that the suit be dismissed. The court refused these requests.

We think that the defendant by taking the conveyance impliedly agreed to pay the note in lieu of the maker, and that it thereby became his duty to pay it or tender payment of it in lieu of the maker, and that, as he did not pay nor tender payment, the plaintiff had a right to sue him, signifying its acceptance of him as the debtor by the suit. We also think that, notwithstanding the assignment, the suit was properly brought in the name of the bank, for it is not stated, and presumably therefore it is not the fact, that the note was indorsed to Hall, and, without indorsement, the legal title would remain in the payee. 2 Parsons on Notes and Bills, 52 ; 1 Daniel on Negotiable Instruments, § 664. Hall, as equitable owner by assignment, has the right to sue in the name of the legal owner. Nor do we see any reason why the action will not lie. The clause in the deed was as operative on the second grantee as on the first. The second grantee succeeded, not only to the estate, but also to the obligation assumed by the first grantee. We see no reason, therefore, why the plain-

tiff has not the same right to sue him as to sue the first. If the right to sue depends on a presumed novation, the novation may as well include a series of debtors as only two. And the result is the same if it depends on the idea of money withheld for the mortgagee out of the consideration. Nor does the second grantee's conveyance lessen his liability unless the mortgagee consents to take the third grantee as the debtor. See *Urquhart* v. *Brayton*, 12 R. I. 169, and cases there cited.

The exceptions are overruled, and the judgment of the court below affirmed, with costs. *Exceptions overruled.*

*Edward D. Bassett*, for plaintiff.

*Ziba O. Slocum*, for defendant.