No. 14,325.

## THE MIDLAND RAILWAY COMPANY v. FISHER.

COVENANT.—*To Build Fence.*—*Obligation to Perform by Purchaser at Foreclosure Sale.*—*Railroad.*—*Right of Way.*—*Easement.*—A right of way was granted to a railroad company, and in consideration of the grant the company, by an agreement incorporated in the deed (the deed being signed by the grantors, but not by the grantee), promised to construct a fence on each side of the railroad as soon as it should be completed. After the completion of the road a sale of all the property and franchises of the company was made upon a decree of foreclosure, and all the rights of the mortgagor purchased by another company. Under the title thus acquired the new company entered into possession, and began to operate the road purchased by it as soon as it acquired title. *Held,* that the new company—the purchaser at the foreclosure sale—was bound to build the fence, the performance of the agreement to build it being a condition of the right to enjoy the covenant granted by the owners of the land.

SAME.—*Purchaser at Foreclosure Sale.*—*Non-Liability of for General Debts of Corporation.*—*Liability of for a Covenant Running with the Land.*—*Easement.* —A corporation which succeeds to the property and rights of another corporation through the medium of a sale upon a decree of foreclosure, is not responsible for the general debts of the corporation, whose property and franchises it acquires. The covenant to build the fence, however, was not a general debt of the original corporation, but an integral part of the deed, upon which rest the rights of the purchasing corporation. The deed which creates the asserted right discloses the covenant which burdens the right. In accepting the right under such a deed, and asserting a claim to the privileges conferred by it, subsequent grantees of the original covenantor became bound to perform the agreement. The covenant passed with the land. The easement which bur-

dened the fee was an encumbrance, and the party that took the land took it subject to the encumbrance. *Junction R. R. Co. v. Sayers*, 28 Ind. 318, distinguished.

SAME.—*Notice of to Purchasing Corporation.*—The covenant in the deed through which the purchasing corporation claims, and the facts open to observation, imparted notice of the covenant, and notice also of its non-performance. It can not claim the rights of a purchaser without notice.

SAME.—*Deed Poll.—Acceptance of by Grantee.—Effect of.—Statute of Limitations.—Grantee of Deed Poll.—Action of Covenant will Lie against.*—A deed poll, when accepted by the grantee, becomes the mutual contract of the parties. The acceptance of the deed by the grantee named in it, made it a written contract, and the obligations created by the deed are therefore express, and are evidenced by a writing. The promise of the grantee in the deed is not a verbal one, and the case is not governed by the provisions of the statute of limitations respecting verbal contracts. An action of covenant will lie against the grantee of a deed poll.

From the Madison Circuit Court.

*H. Crawford, W. R. Crawford* and *M. A. Chipman,* for appellant.

*R. R. Stephenson* and *W. R. Fertig,* for appellee.

ELLIOTT, J.—In May, 1873, the then owners of the land described in the appellee's complaint conveyed to the Anderson, Lebanon and St. Louis Railway Company a right of way. In consideration of the grant of the right of way the company, by an agreement incorporated in the deed, promised to construct a board fence, five boards in height, on each side of the railroad as soon as it should be completed. The deed conveying the right of way was signed by the grantors, but not by the grantee. The railroad was completed in 1876, and the action was brought in 1886. In 1875 the company mortgaged all of its property and rights, and in 1883 the mortgage was foreclosed by a decree of the circuit court of the United States. A sale of all the property and franchises of the company was made upon the decree of foreclosure, and the Midland Railway Company purchased all of the rights of the mortgagor. Under the title thus acquired the Midland company entered into possession and began to operate the road purchased by it as soon as it acquired

title. No fence has been erected, as provided in the deed granting the right of way. Fisher became the owner of the land in August, 1884.

The contention of appellant's counsel is that their client did not become liable for the general debts of its predecessor, and that the debt which the appellee seeks to enforce is a general debt. We agree with counsel, that the rule is that a corporation which succeeds to the property and rights of another corporation through the medium of a sale upon a decree of foreclosure, is not responsible for the general debts of the corporation whose property and franchises it acquires. *Lake Erie, etc., R. W. Co.* v. *Griffin*, 92 Ind. 487 ; *Hoard* v. *Chesapeake, etc., Railway*, 123 U. S. 222 ; *Gilman* v. *Sheboygan, etc., R. R. Co.*, 37 Wis. 317.

But we can not agree that the assumption that the claim of the appellee is a mere general debt is valid, for we regard the performance of the agreement to build a fence as a condition of the right to enjoy the easement granted by the owners of the land. The right which the appellee seeks to enforce is more than a general claim for money, for it is a right blended with that of the appellant to use and occupy the land with its track. The appellant's liability does not rest upon the claim against the old company, but upon the duty which arises out of the occupancy of the land. It can not, in equity, be permitted to enjoy the easement, and yet refuse to perform the agreement which created and conferred the easement. We think the principle declared in *Lake Erie, etc., R. W. C.* v. *Griffin, supra ; Bloomfield R. R. Co.* v. *Van Slike,* 107 Ind. 480 ; *Lake Erie, etc., R. W. Co.* v. *Griffin,* 107 Ind. 464 ; *Bloomfield R. R. Co.* v. *Grace,* 112 Ind. 128 ; *Indiana, etc., R. W. Co.* v. *Allen,* 113 Ind. 308, and *Donald* v. *St. Louis, etc., R. R. Co.*, 52 Iowa, 411, governs this phase of the case.

The appellant is in the possession of the right of way as the grantee of the original contractor, and it must take the benefit it enjoys subject to the burden annexed to it by the

contract which gave existence to that benefit. It can not enjoy the benefit and escape the burden, for the burden and the benefit are so interlaced as to be inseparable. The right to the benefit is so blended with the burden that equity and justice forbid a severance.

One who takes a privilege in land to which a burden is annexed has no right to assert a claim to the privilege, and deny responsibility for the burden. A party who acquires such a privilege acquires it subject to the conditions and burdens bound up with it, and must, if he asserts a right to the privilege, bear the burden which the contract creating the privilege brought into existence. The one he can not have at the expense of the other. In *Louisville, etc., R. W. Co.* v. *Power*, 119 Ind. 269, we said of a railroad company : " Holding the land under the deed, as it did, it was bound to perform its contract. To permit it to retain the land and' repudiate the deed would be against equity and good conscience."

In this instance the covenant written in the deed was an essential part of it, and the agreement to construct the fence was part of the consideration for the land. The case is near akin to that of a suit to enforce a vendor's lien ; for here the deed upon its face exhibited the contract, and the facts open to observation showed that the covenant had not been kept. The facts open to observation did more than put the appellant upon inquiry ; but had they done no more than put it upon inquiry, it could not justly claim the rights of a purchaser without notice. It must be held that the covenant in the deed through which the appellant claims, and the facts open to observation, imparted notice of the covenant, and notice also of its non-performance.

The covenant is, as we have indicated, an integral part of the deed upon which rest the rights of the appellant. The deed which creates the asserted right discloses the covenant which burdens the right. In accepting the right under such a deed, and asserting a claim to the privileges conferred by

it, subsequent grantees of the original covenantor became bound to perform the agreement. The covenant passed with the land. The easement which burdened the fee was an encumbrance, and the party that took the land took it subject to the encumbrance; but in taking subject to the encumbrance of the easement, that party acquired the benefit interwoven with the encumbrance. Both the burden and the benefit, the easement and the covenant, essentially inhere in the land. One burdens the estate, the other benefits it. The party who acquires the estate necessarily acquires it with both the burden and the benefit. He must submit to the one, but he has a right to the other. In *Hazlett* v. *Sinclair*, 76 Ind. 488, the question was examined with care, the authorities collected, and the judgment of the court was that a covenant very similar to the one under consideration was a real covenant, running with the land. In the case referred to the court quoted, with approval, from the case of *Savage* v. *Mason*, 3 Cush. 500, the following statement of the law : " The liability to perform, and the right to take advantage of, this covenant, both pass to the heir or assignee of the land, to which the covenant is attached. This covenant can by no means be considered as merely personal, or collateral, and detached from the land."

In *Hazlett* v. *Sinclair*, *supra*, the case of *Bloch* v. *Isham*, 28 Ind. 37, was shown not to rule such a case as this.

The question in *Junction R. R. Co.* v. *Sayers*, 28 Ind. 318, must, for many reasons, be regarded as radically different from that here presented ; but it is enough to say that in that case the burden was not annexed to the easement conveyed, but was created by an independent agreement. The question received careful attention in the case of *Conduitt* v. *Ross*, 102 Ind. 166, and the rule there declared is substantially the same as that laid down in the case of *Hazlett* v. *Sinclair*, *supra*.

In *Bronson* v. *Coffin*, 108 Mass. 175, the authorities are reviewed at great length, and a covenant such as that here un-

der consideration was held to run with the land; so that the earlier cases in that court, conceding them to be in point, are not of controlling force.

The very fully considered and strongly reasoned case of *Burbank* v. *Pillsbury*, 48 N. H. 475, adjudges that a covenant to build a fence around a granted estate will create an encumbrance on the land, and this doctrine harmonizes with that of the cases to which we have referred. If it be true, and it is true, that the agreement constitutes a real covenant against encumbrances, then it must be true that it runs with the land. It is a covenant inhering in the granted easement of a right of way, and as such runs with that estate.

Applying this doctrine to the case before us, it clearly results that the estate in the land which the appellant's grantor took—the easement of a right of way—was burdened with the encumbrance created by the covenant to fence the granted property. The ultimate conclusion, therefore, is that the covenant to fence binds the appellant and enures to the owner of the servient estate in which the easement with its encumbrance inheres.

In addition to the cases we have here cited, and those collected in *Hazlett* v. *Sinclair*, *supra*, may be cited the following: *Huston* v. *Cincinnati, etc., R. R. Co.*, 21 Ohio, 235; *Atlantic Dock Co.* v. *Leavitt*, 50 Barb. 135; *Duffy* v. *N. Y., etc., Co.*, 2 Hilton (N. Y. C. P.), 496; *Wooliscroft* v. *Norton*, 15 Wis. 198; *Carr* v. *Lowry*, 27 Pa. St. 257.

The authorities are well agreed upon the proposition that a deed poll, when accepted by the grantee, becomes the mutual contract of the parties. *Newell* v. *Hill*, 2 Metc. 180; *Goodwin* v. *Gilbert*, 9 Mass. 510; *Huff* v. *Nickerson*, 27 Me. 106; *Tripe* v. *Marcy*, 39 N. H. 439; *Stevens* v. *Morse*, 47 N. H. 532; *Burbank* v. *Pillsbury*, *supra*; *Atlantic Dock Co.* v. *Leavitt*, *supra*. The appellant's grantor, by accepting the deed, made its covenants binding upon it, and acquired the estate encumbered and burdened by the agreement; and the appellant, as the deed is in his chain of title, took the grantee's

easement with its burden and its encumbrance. *Tripe* v. *Marcy, supra ; Stevens* v. *Morse, supra ; Burbank* v. *Pillsbury, supra.*

The promise of the appellant's grantor is not a verbal one, and the case is not governed by the provision of the statute of limitations respecting verbal contracts. The acceptance of the deed by the grantee named in it made it a written contract, and the obligations-created by the deed are, therefore, express, and are evidenced by a writing. The adjudged cases very fully and satisfactorily sustain this doctrine. In one case it was said: "Nor is it material that this contract is not signed by the grantee. The acceptance of the deed makes it a contract in writing binding upon the grantee just as the acceptance by a lessee of a lease in writing signed by only the lessor makes it a written contract binding upon such lessee ; and suit can be instituted upon it, and the same rights maintained, as though it were also signed by the grantee." *Schmucker* v. *Sibert*, 18 Kan. 104. The rule thus stated is sanctioned by many other cases. *Ricard* v. *Sanderson*, 41 N. Y. 179 ; *Atlantic Dock Co.* v. *Leavitt*, 54 N. Y. 35 (13 Am. Rep. 556); *Rogers* v. *Eagle Fire Co.*, 9 Wend. 618 ; *Spaulding* v. *Hallenbeck*, 35 N. Y. 204 ; *Newell* v. *Hill*, 2 Metc. 180 ; *Goodwin* v. *Gilbert*, 9 Mass. 510 ; *Huff* v. *Nickerson*, 27 Me. 106 ; *Burbank* v. *Pillsbury, supra.*

The doctrine is a very ancient one. In Sheppard's Touchstone, 177, it is said : " If feoffment or lease be made to two, * * and there are divers covenants in the deed to be performed on the part of the feoffees, or lessees, and one of them doth not seal, * * and he that doth not seal doth notwithstanding accept of the estate and occupy the lands conveyed or demised ; in these cases, as touching all inherent covenants, * * they are bound by these covenants as much as if they do seal the deed."

Some of the authorities deny that the technical action of covenant will lie against the grantee of a deed poll,

but an English author, who favors the technical rule, concedes that the weight of the English decisions is the other way, saying: "Perhaps, however, the doctrine has been too long sanctioned to be now reversed. At all events, it is an introduction of an equitable principle into a court of law; the acceptance of a deed being considered equivalent to an actual execution by the, lessee." Platt Covenants, 18. The equitable rule has much to commend it, while the technical rule is the product of the slavish adherence to forms which did so much to deform the common law, and is without any merit entitling it to favor.

But we need not discuss this question at length, for it has been discussed again and again, and the better reasoned cases support the equitable doctrine. *Finley* v. *Simpson*, 2 Zabr. 311; *Harrison* v. *Vreeland*, 38 N. J. L. 366; *Sparkman* v. *Grove*, 44 N. J. L. 252; *Maynard* v. *Moore*, 76 N. C. 158; *Bowen* v. *Beck*, 94 N. Y. 86; *Atlantic Dock Co.* v. *Leavitt*, *supra*; *Maine* v. *Cumston*, 98 Mass. 317; *Martin* v. *Drinan*, 128 Mass. 515.

Judgment affirmed. .

Filed June 19, 1890; petition for a rehearing overruled Sept. 20, 1890.