CARNEGIE REALTY Co. *et al. v.* CAROLINA, C. & O.
Ry. Co. *et al.*

(*Knoxville.* .September Term, 1916.)

1. **RAILROADS.** Covenant as to use of property. Action for breach. Pleading.

A bill by the grantor against the successors of two railway companies, grantees, showing the conveyance was for $1 cash "with the obligation to erect, maintain, and operate thereon a passenger depot," which was not done, charging this was a covenant running with the land, for breach of which defendants were liable, and praying in the alternative, in case the court should be of opinion that the stipulation was a condition subsequent instead of a covenant, for recovery of the land for condition broken, was properly treated by complainant as one for breach of covenant, and not one for recovery of land for condition broken. (*Post, p.* 305.)

2. **RAILROADS.** Covenant as to use of property. To erect railway station.

Such a deed created a covenant, and not a condition subsequent. (*Post, pp.* 305, 306.)

Case cited and approved: Land Co. v. Interurban Co., 186 S. W., 454.

3. **RAILROADS.** Covenant as to use of property to erect railway station.

Such deed, imposing the obligation upon the grantees and "their respective successors and assigns forever" was a covenant running with the land; it not being necessary that the grantees sign such a deed. (*Post, pp.* 306, 307.)

Cases cited and approved: Bream v. Dickerson, 21 Tenn., 126; Brooks v. Smith, 1 Shannon's Cases, 158; Cicalla v. Miller, 105 Tenn., 255; Doty v. Railroad, 103 Tenn., 564; Midland Railroad Co. v. Fisher, 125 Ind., 19.

4. **RAILROADS. Covenant as to use of property. Persons liable. Assignee not claiming under deed.**

But an assignee of a grantee of such deed was not liable on the covenant therein where it had never taken possession of nor used the land nor exercised any ownership over it; the bene-fit and burden of such a deed being reciprocal. (*Post, p.* 307.)

5. **EASEMENTS. Assignee claiming under deed.**

A purchaser of an easement created by a deed cannot be permitted to enjoy the easement and refuse to perform the undertaking which was the consideration of the easement. (*Post, pp.* 307-309.)

Cases cited and approved: Midland Railroad v. Fisher, 125 Ind., 19; Georgia Southern Railroad v. Reeves, 64 Ga., 492; Atlanta, K. & N. R. Co. v. McKinney, 124 Ga., 929.

Case cited and distinguished: Doty v. Railroad, 103 Tenn., 567.

6. **LIMITATION OF ACTIONS. One-year statute of limitations. Action for breach of covenant.**

The one-year statute of limitations, protecting the occupation of land for works of internal improvement, does not apply to a suit for breach of a convenant running with land. (*Post, pp.* 309, 310.)

Cases cited and approved: Midland Railway Co. v. Fisher, 125 Ind. 19; Atlanta, K. & N. R. Co. v. McKinney, 124 Ga., 929; Shaber v. St. Paul Water Co., 30 Minn., 184; Teter v. Glenn, 9 Rich. (S. C.), 374.

7. **LIMITATION OF ACTIONS. Covenants. Continuing obliga-tion.**

Although the initial breach of a covenant "to erect, maintain and operate" a passenger station on a lot conveyed has occurred over six years before suit was brought, yet, if such breach continues, the right to sue therefor is not barred by the six years statute of limitations of suits for breach of covenant, but damages sus-tained from such continued breach within six years of the date of suit are recoverable; the obligation being continuous. (*Post pp.* 309, 310.)

8. **COVENANTS.** Actions for breach. Pleading. Interest of Complainant.

  In suit by grantor and others for continuing breach of continuing covenant running with land, where in the bill there was a general expression that one of the other cocomplainants had succeeded to the rights and property of the grantor, but no facts as to the disposition of the rights and properties of the grantor, were set out nor the time of such disposition, and it did not appear that the grantor was not a going corporation, the bill was not demurrable as showing that the grantor could not sue because it had parted with its right in the land, and that its assignees were not entitled to sue on the covenant, since, from all that appeared, the assignees may have acquired their rights within six years prior to suit. (*Post*, pp. 310-313.)

---

FROM WASHINGTON.

---

Appeal from the Chancery Court of Washington County.—A. N. SHOUN, Special Chancellor.

. G. T. LEE and S. C. WILLIAMS, for appellants.

. J. B. COX, HARR & BURROW and PHLEGAR, POWELL, PRICE & SHELTON, for appellees.

MR. JUSTICE GREEN delivered the opinion of the Court.

This bill was filed by the Carnegie Realty Company, the Carnegie Development Company, Wilberforce Sully, and the Carnegie Land Company, the last three complainants suing for the use of the Carnegie Realty Company against the Carolina,

Clinchfield & Ohio Railway, the Southern & Western Railway Company, and the Southern Railway Company.

The bill averred that the Carnegie Land Company, engaged in the business indicated by its name, in 1890 conveyed to the East Tennessee, Virginia & Georgia Railway Company and the Charleston, Cincinnati & Chicago Railroad Company a certain town lot, in the Carnegie addition to Johnson City, which addition consisted of about 1,600 acres and was owned by the Carnegie Land Company.

It is further averred that about 1891 or 1892 the two railroad companies, just named, grantees of the said deed, became insolvent, and their properties were sold through court proceedings; that the properties of the Charleston, Cincinnati & Chicago Railroad Company were acquired by the Southern & Western Railroad Company, and later by the Carolina, Clinchfield & Ohio Railway; and that the properties of the East Tennessee, Virginia & Georgia Railway Company were acquired by the Southern Railway Company.

The deed from the Carnegie Land Company to the two railroad companies is exhibited with the bill, and it appears, from an inspection of the deed, as well as from allegations of the bill, that the town lot in question was conveyed to the railroad companies for $1 in cash, and with the obligation upon the railroad companies "to erect, maintain, and operate thereon a passenger depot subject to the following

provisions and conditions." Then follow in the deed certain specifications as to the use of the depot properties, the upkeep thereof and the character of improvements to be placed on the lot.

It is averred in the bill that the two railroad companies began the construction of a depot on the lot, and had completed the structure up to the roof line, with chimneys erected, at the time they became insolvent. It appears from the bill that there was no actual use of this lot for depot purposes by the grantees under the deed, or their successors. It is alleged that the Southern & Western Railway Company occupied said lot for a time and placed thereon a turntable, and that the Carolina, Clinchfield & Ohio Railway Company has erected upon the lot a house, or office, for its employees, and that the Southern & Western Railway Company and the Carolina, Clinchfield & Ohio Railway Company both used the partially constructed depot building for a machine shop, putting a roof on the building for that purpose.

It does not appear from the bill that the Southern Railway Company has ever made any claim to this lot or used the premises for any purpose whatever since it acquired the properties of the East Tennessee, Virginia & Georgia Railway Company, under foreclosure proceedings.

The bill charges that the obligation to erect and maintain a passenger depot on the lot so conveyed was a covenant running with the land, and that the defendants herein named, succeeding to the rights

of the original grantees, are liable to the complainant in damages for failure to maintain a passenger depot on this tract of land.

The bill prays in the alternative, if the court should be of opinion that a condition subsequent instead of a covenant was set forth in the deed referred to, that the recovery of the land be decreed for condition broken.

Demurrers were filed by the defendants named and sustained by the chancellor, and the case appealed to this court. These demurrers will be particularly referred to hereafter.

In this court the complainants very properly, as we think, treat the suit as one for breach of covenant, and not one for the recovery of land for condition broken.

Referring again to the deed to the railroad companies, the habendum clause thereof is in these words:

"To have and to hold unto said East Tennessee, Virginia & Georgia Railway Company and the Charleston, Cincinnati & Chicago Railroad Company, their respective successors and assigns forever, for union passenger depot purposes, with the obligation to erect, maintain, and operate thereon a passenger depot."

From the foregoing it seems that the railroad companies did not take this land upon condition that a union passenger depot should be erected and maintained; that is to say, their estate did not depend

136 Tenn.—20

on compliance with such condition. They. took the land with the obligation, in the language of the deed, to erect and maintain this depot, and for a breach of such obligation they became liable in damages, but their estate was not forfeited. Tested by the rules laid down in the case of *Land Co.* v. *Interurban Co.,* 186 S. W., 454, we think the words used in this deed created a covenant, and not a forfeiture, or condition subsequent.

The question then arising is whether the said covenant runs with the land, or was personal to the grantees under the deed. This court has in several decisions adhered to the second resolution in *Spencer's Case,* 5 Co. 16, and held that a covenant in respect to something not *in esse* must specifically bind the assignees of the covenantor in order for such covenant to run with the land. The deed herein fully complies with this rule; for it imposes the obligation upon the two grantees and "their respective successors and assigns forever." *Bream* v. *Dickerson,* 21 Tenn. (2 Hump.), 126; *Brooks* v. *Smith,* 1 Shannon's Cases, 158; *Cicalla* v. *Miller,* 105 Tenn., 255, 58 S. W., 210.

It has also been determined by this court that a covenant running with the land may be created by the acceptance of a deed poll with stipulations purporting to bind the grantee. The stipulations in the deed here before us purport to bind the grantees and successors and assigns forever. It is not necessary that the grantee sign such a deed. *Doty* v.

*Railroad,* 103 Tenn., 564, 575, 53 S. W., 944, 48 L. R. A., 160, and *Midland Railroad Co.* v. *Fisher,* 125 Ind., 19, 24 N. E., 756, 8 L. R. A., 604, 21 Am. St. Rep., 189. The great weight of authority is to this effect. See cases collected in note 6 L. R. A. (N. S.), 436.

With these general observations, we come to the consideration of the points raised by the demurrers filed by the railroad companies, and this opinion is confined to the precise points raised by the demurrers.

In the first and third grounds of demurrer filed by the Southern Railway Company it is pointed out that the bill does not aver any possession or use of the lot in question by the said railway company, nor that the said railway company had ever exercised any act of ownership over the property.

We are of opinion that this demurrer is well taken and fatal to the bill, as against the Southern Railway Company.

The reason for holding an assignee of a grantee liable on the covenant, or implied covenant of the latter, under a deed poll, is that by accepting the benefits of the deed the assignee likewise assumes the obligations of the deed. A purchaser of an easement created by a deed cannot be permitted to enjoy the easement and refuse to perform the undertaking which was the consideration of the easement.

"One who takes a privilege in land to which a burden is annexed has no right to assert a claim to the privilege and deny responsibility for the burden;

a party who acquires such a privilege acquires it subject to the conditions and burdens bound up with it, and must, if he asserts a right to the privilege, bear the burdens which the contract creating the privilege brought into existence." *Doty* v. *Railroad,* 103 Tenn., 567-573, 53 S. W., 944, 946 (48 L. R. A., 160).

See, also, *Midland Railroad* v. *Fisher,* 125 Ind., 19, 24 N. E., 756, 8 L. R. A., 604, 21 Am. St. Rep., 189; *Georgia Southern Railroad* v. *Reeves,* 64 Ga., 492; *Atlanta, K. & N. R. Co.* v. *McKinney,* 124 Ga., 929, 53 S. E., 701, 6 L. R. A. (N. S.), 436, 110 Am. St. Rep., 215; and other authorities reviewed in *Doty* v. *Railroad,* supra.

Inasmuch as the benefit and burden of such a deed are reciprocal, it necessarily follows that an assignee of the properties of the grantee, who repudiates the benefit, cannot be charged with the burden. Since it does not appear that the Southern Railway Company has ever made any claim to the lot in controversy, or made any use of it, or had any possession of it, the said company cannot be charged with the obligation of maintaining a passenger station thereupon.

The Carolina, Clinchfield & Ohio Railway filed three separate demurrers containing numerous grounds.

One ground of the demurrer is to the effect that complainants' right of action, if any, is for breach of covenant, and not for the relief sought by the bill.

As we have heretofore stated, this suit is now treated by the complainant as one for breach of covenant, and the bill may be so construed. This ground of demurrer is accordingly overruled.

The demurrer next interposes the statute of limitations of one year protecting the occupation of land for works of internal improvement, and the statute of limitations of six years barring suits for breach of covenant. The one-year statute, of course, has no application. This is not now a suit for the recovery of land or the value thereof, but for breach of covenant. Neither is the suit barred by the six-year statute.

The obligation assumed by the grantees under the deed of the Carnegie Land Company was "to erect, maintain, and operate" a passenger station on the lot conveyed. The obligation was not merely to construct this depot, but to maintain, and operate it forever. The obligation is continuous, and the right to sue for its breach runs along with the breach, and will include damages sustained within six years of the date of suit.

The case is altogether similar to *Doty* v. *Railroad,* supra, where the grantee undertook to run daily passenger trains over the right of way conveyed. The court held that the obligation to run these trains was continuous, and bound the grantee to render this service so long as it claimed and enjoyed the easement, and that the right of action continued for successive and continuous breaches of the contract.

When the contract was breached by the original grantee, the owner of the land had a right of action at once. The rights of the owner were not then ended, or exhausted, however; for at that time he could only sue for the damage then sustained. Damage subsequently sustained might be recovered in a subsequent suit for a subsequent or continuing breach by the immediate grantee, or its assignee.

To the same effect, see *Midland Railway Co.* v. *Fisher*, 125 Ind., 19, 24 N. E., 756, 8 L. R. A., 604, 21 Am. St. Rep., 189; *Atlanta, K. & N. R. Co.* v. *McKinney*, 124 Ga., 929, 53 S. E., 701, 6 L. R. A. (N. S.), 436, 110 Am. St. Rep., 215; *Shaber* v. *St. Paul Water Co.*, 30 Minn., 184, 14 N. W., 874; *Jeter* v. *Glenn*, 9 Rich. (S. C.), 374.

Another ground of demurrer interposed by the Carolina, Clinchfield & Ohio Railway Company is that the bill proceeds on repugnant theories, and that the complainants should be required to elect whether they will sue for the land as for breach of condition subsequent, or whether they will sue upon the alleged covenant.

As we have heretofore stated, complainants have made this election, and this ground of demurrer is therefore overruled.

It is further objected by the demurrer of this defendant that the Carnegie Land Company alone could avail itself of the benefits of this covenant, conceding that it was a covenant running with the

land. And it is said the bill shows that the Carnegie Land Company has parted with all its rights pertaining hereto, and such rights are now vested in the Carnigie Realty Company.

We do not find it necessary to determine whether the assignees of the Carnegie Land Company are entitled to the advantages of this covenant. We do not intend to intimate that they are without such right. In the case before us, the Carnegie Land Company is a party, and, while there is a general expression in the bill that the Carnegie Realty Company has succeeded to the rights and properties of the Carnegie Land Company, still the Carnegie Land Company is suing here, and its capacity to sue and right to sue are admitted by the demurrer. The facts with reference to the disposition of the rights, assets, and properties of the Carnegie Land Company are not set out in the bill, nor does the time of such disposition appear. So far as we know, the Carnegie Land Company may be a going concern. It does not appear that there has been any dissolution of the company. The facts of the case should more fully appear before the court passes on the defense raised by this ground of the demurrer.

The other complainants may have acquired their interests within six years prior to suit, and, the extent and character of their interests not appearing, it may be that the Carnegie Land Company would be entitled to any recovery herein, at least primarily.

It is also insisted by the demurrer of the Carolina, Clinchfield & Ohio Railroad Company that this covenant to erect, maintain, and operate a passenger depot on the lot conveyed is not a covenant that runs with the land. We have heretofore expressed our opinion as to this.

Reverting, however, to *Spencer's Case,* 5 Co., 16, which this court has consistently followed, the second point in that case was resolved in these words:

"It was resolved that in this case, if the lessee had covenanted for him and his assigns that they would make a new wall upon some part of the thing demised, that forasmuch as it is to be done upon the land demised, that it should bind the assignee; for, although the covenant doth extend to a thing to be newly made, yet it is to be made upon the thing demised, and the assignee is to take the benefit of it, and therefore shall bind the assignee by express words." *Spencer's Case,* supra.

Clearly this passenger station was to be built upon the land demised, and the assignee of the grantees was to take the benefits of it and the case before us falls entirely within the test prescribed in the quotation above.

Covenants to build and maintain railroad switches, stations, and sidings contained in conveyances to railroad companies of rights of way, depot grounds, and the like, are almost uniformly held to be covenants running with the land. 7 R. C. S., p. 1109.

The complainants sue for rent of the lot in question, but we understand rent is claimed merely as the proper measure of damages, which should be fixed for breach of the covenant. Complainants are not claiming the ownership of the land. We reserve the question as to what is the proper measure of damages, until the case is developed, and that point is reached and discussed.

Our conclusion is that the demurrer of the Southern Railway Company must be sustained, and the demurrer of the Carolina, Clinchfield & Ohio Railway Company must be overruled.

The case will be remanded for further proceedings, and the costs of this court divided between the Carolina, Clinchfield & Ohio Railway Company and the complainants.

WILLIAMS, J., having been of counsel, did not participate in the consideration of this case.