UTILITIES PRODUCTION CORPORATION, a Delaware corporation, *v.* SOUTHWESTERN NATURAL GAS COMPANY, a Delaware corporation.

*(February* 2, 1940.)

LAYTON, C. J., RODNEY and SPEAKMAN, J. J., sitting.

*Stewart Lynch* for plaintiff.

*Caleb S. Layton* (of Richards, Layton and Finger) for defendant.

Superior Court for New Castle County, Summons Case, No. 135, September Term, 1939.

LAYTON, C. J., delivering the opinion of the Court:

Broadly, the question is whether there has been a misjoinder of causes of action. If the doctrine, that assent to a contract may be inferred from the acceptance of a document, is properly to be extended so as to make the acceptor of an instrument under seal a covenantor, there is misjoinder of causes. Otherwise, all of the situations disclosed

by the several counts of the declaration are properly within the scope of the action of assumpsit.

The authorities are not in accord, and there is some doubt on which side of the question the preponderance of authority lies. Compare 1 *Am. Jur. Title "Actions," No.* 53; 15 *C. J.* 1190.

*Atlantic Dock Company v. Leavitt,* 54 *N. Y.* 35, 13 *Am. Rep.* 556, and *Finley v. Simpson,* 22 *N. J. L.* 311, 53 *Am. Dec.* 252, are, perhaps, the leading cases in support of the doctrine that the acceptor of a deed is bound by its covenants as effectually as if he had signed them. The rationale of the doctrine of these cases is that the grantee of a deed poll containing covenants to be performed by the grantee is estopped by his inducing the grantor to give the deed in reliance upon the coventants, and by his acceptance of the deed and enjoyment of the estate granted, from denying that the seal attached to the deed is his as well as that of the grantor.

Authority for the doctrine is traced to ancient English cases. *Comyn's Digest, Title "Covenant", A.* 1; *Sheppard's Touchstone,* 177; *Coke on Littleton,* 231 *a.* But as early as 1829, Mr. Platt, in his work on covenants, pointed out that the language of Lord Coke had been misunderstood by the profession, in that the case to which his language was referable was not an action of covenant, but an action of debt. And, in 1 *Chitty on Pleading* (14*th Am. Ed.*) at *star page* 119, the case put in *Co. Lit.* 231 *a* is characterized as a peculiar case and as a supposed authority for the position that in the case of a covenant running with the land, an action of covenant might be maintained against one who had not executed the lease, he having enjoyed the premises by virtue of the demise. The author observed that the authorities cited did not support the doctrine, and that it had been disputed with much appearance of reason in *Platt on Covenants.*

The case of *Burnett v. Lynch*, 5 *Barn. & Cres.* 602, added to the confusion; and the doctrine has been recognized by some of the older authorities and has been adopted as the law in New York and New Jersey. See 8 *A. & E. Ency. Law* (*2nd Ed.*) 65. In the latter State, however, the doctrine does not, it seems, embrace mere personal contracts by which no estate in land passes. See *Harrison v. Vreeland*, 38 *N. J. L.* 366. In *Midland Ry. Co. v. Fisher*, 125 *Ind.* 19, 24 *N. E.* 756, 8 *L. R. A.* 604, 21 *Am. St. Rep.* 189, in support of the New York rule, it is said that the equitable rule has much to commend it, while the technical rule is the product of slavish adherence to forms. In an early case in this State, *Harris v. Goslin*, 3 *Harr.* 338, it appears that an action of covenant was brought against an assignee of a lease. The covenant was one running with the land; and it was *held* that the assignee was bound, although not named in the lease. No objection seems to have been taken to the form of the action, nor does it appear that the question under consideration was raised or debated.

Chief Justice Gibson, in *Maule v. Weaver*, 7 *Pa.* 329, examined the authorities carefully. He termed the perversion of the language of Lord Coke "a prodigious misconception"; and could not understand how it had come to be thought that an action of covenant, founded as it is, on technical reason, could be maintained against the grantee in a deed poll under any circumstances or against any one who had not sealed it, observing, with respect to the case of *Burnett v. Lynch, supra,* that the theory had merely floated in the professional mind without any adjudged case to support it, or anything better than the *obiter dictum* of a very distinguished Chief Justice who took it as he found it set down in the digests and text books.

8 *A. & E. Ency. Law, supra,* characterizes "the very singular exception," adopted as the law in New York and New Jersey, as one erroneous in principle, and lays it down

that it may be safely stated as the general rule that mutual covenants cannot arise out of a deed poll.

Professor Williston, in his work on contracts (1 *Williston, Contracts, No.* 214), admits that "the exceptional doctrine" has widely prevailed to the effect that the acceptance of a deed implies a covenant by the acceptor to perform in accordance with the stipulation of the deed, especially where the deed conveys an estate, and the acceptor takes possession of it; but his considered opinion is that on no principle can the doctrine, that assent to a contract may be inferred from the acceptance of a document, be properly extended so as to make the acceptor of an instrument under seal a covenantor, for the sufficient reason that he has not sealed and delivered the instrument as his obligation. Supporting generally this view are, 1 *Tiffany, Landlord & Tenant,* 342; 2 *id.* 1882; *Devlin on Deeds,* 1074; *Stabler v. Cowman,* 7 *Gill & J.* 284; *Dawson v. Western Md. R. Co.,* 107 *Md.* 70, 68 *A.* 301, 14 *L. R. A.* (*N. S.*) 809; *Martin v. Drinan,* 128 *Mass.* 515; *Hinsdale v. Humphrey,* 15 *Conn.* 431, 434; *First Congregational Meeting-House Society v. Town of Rochester,* 66 *Vt.* 501, 29 *A.* 810.

Covenant is a form of action that lies to recover damages for breach of contract under seal. It is an action of a special nature, rooted in technical reason. Disallowance of the action, except in cases where the party to be charged has bound himself specially by sealing the instrument sued on, is a proper observance of the theory of the action, works no hardship, and tends to avoid uncertainty and confusion.

Each count of the declaration discloses a cause of action in assumpsit. There is no misjoinder. An order will be entered overruling the demurrer.