IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 7, 2005 Session

## ORA ASCHBACHER  v. PEGGY ANN WOODS

Appeal from the Chancery Court for Coffee County
No. 00-271     L. Craig Johnson, Judge

No. M2003-02616-COA-R3-CV - Filed March 1, 2005

Aunt and niece agreed that aunt would convey her residence to niece in exchange for the promise of niece to look after her in her declining years.  The years passed, niece provided care and attention for a period of time, but eventually ceased doing so.  Aunt sought to rescind the deed for failure of consideration.  The trial judge held that while the proof established a contract, the action was barred by the six-year statute of limitations.  Reversed on a finding that the contract was a continuing obligation.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed and Remanded**

WILLIAM H. INMAN, SR. J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J.M.S., and WILLIAM B. CAIN, J., joined.

Norman B. Feaster, II, Tullahoma, Tennessee, for appellant, Ora Aschbacher.

James F. Conley, Tullahoma, Tennessee, for appellee, Peggy Ann Woods.

## OPINION

The plaintiff is an eighty-two-year-old childless widow.  She was sixty-seven years of age when she contracted with the defendant, her niece, to convey the remainder interest in her residence to the defendant in exchange for her promise to take care of the plaintiff for life.  This action was filed to rescind the deed for failure of consideration.  The trial judge found that the parties entered into the oral contract as alleged which onerated the defendant with the continuing obligation to take care of the plaintiff "over a period of time."  The court found that the defendant first breached her obligation in 1992, and that the complaint, filed in June 2004, was untimely and the action was barred by the six-year statute of limitations, Tenn. Code Ann. § 28-3-109, which was affirmatively pleaded as a defense.  An order of involuntary dismissal was entered following the presentation of the plaintiff's evidence.  The plaintiff appeals and presents for review the issue of whether the six-year statute of limitations barred the claim.

**Facts**

In 1995 the plaintiff became ill and required heart surgery. The defendant came to the hospital in Tullahoma as requested and remained several nights with her aunt. The plaintiff was transferred to St. Thomas Hospital in Nashville and the defendant stayed with her for two days. In August 1995, at her home, friends and neighbors looked after the plaintiff owing to the refusal or failure of the defendant to do so. The last time the defendant responded to the plaintiff's request for assistance was in 1998. It is clear that the contract focused on providing care for the plaintiff when she required it, rather than occasional social visits, and that in recent years the defendant declined to provide any care for her aunt.

**Discussion**

Our review is *de novo* on the record with no presumption of correctness since the issue is one of law.

It is clear that the parties reached an agreement whereby the plaintiff conveyed the remainder interest in her property to the defendant in consideration of the defendant's promise to take care of the plaintiff during her lifetime. The execution and delivery of the deed to the defendant, on the one hand, and the promise of the defendant to provide the necessary care, on the other, established a continuing contract.

A continuing contract is viable in this jurisdiction. *See, **Murray v. Grissim***, 290 S.W.2d 888 (Tenn. Ct. App. 1956), holding that contracts to support and maintain a person are continuing contracts.

The Tennessee Supreme Court addressed the nature of a continuing obligation incurred in exchange for a deed in ***Carnegie Realty Co. v. Carolina C. & O. Ry. Co.***, 136 Tenn. 300, 189 S.W. 371, 1916 Tenn. The deed in that case contained a covenant obligating the railway company "to erect, maintain, and operate a passenger station on the lot conveyed." The plaintiff filed suit over twenty years later, asserting that the railway company was using the partially constructed depot building as a machine shop and had failed to maintain it for passengers. The plaintiff sought damages for breach or recovery. The Court found that:

> One who takes a privilege in land to which a burden is annexed has
> no right to assert a claim to the privilege and deny responsibility for
> the burden; a party who acquires such a privilege acquires it subject
> to the conditions and burdens bound up with it, and must, if he asserts
> a right to the privilege, bear the burdens which the contract creating
> the privilege brought into existence. ***Doty v. Railroad***, 103 Tenn.
> 564, 53 S.W.944, 946, 1899 Tenn.

The Court held the obligation was "continuous, and the right to sue for its breach runs along with the breach, and will include damages sustained within six years of the date of suit."[1] The Court observed:

> The case is altogether similar to **Doty v. Railroad,** *supra,* where the grantee undertook to run daily passenger trains over the right of way conveyed. The court held that the obligation to run these trains was continuous, and bound the grantee to render this service so long as it claimed and enjoyed the easement, and that the right of action continued for successive and continuous breaches of the contract. When the contract was breached by the original grantee, the owner of the land had a right of action at once. The rights of the owner were not then ended, or exhausted, however; for at that time he could only sue for the damage then sustained. Damage subsequently sustained might be recovered in a subsequent suit for a subsequent or continuing breach by the immediate grantee, or its assignee.

Because the defendant's obligation was a continuing one, each time she failed to respond to her aunt's request for care was a breach of the agreement and the six-year statute of limitations began to run. The complaint was filed June 21, 2000, well within the limitation.

The judgment of dismissal is reversed and the case is remanded for a trial on the merits. Costs of this appeal are assessed to the defendant/appellee, Peggy Ann Woods.

_____
WILLIAM H. INMAN, SENIOR JUDGE

---

[1] Similar to continuing contracts are installment contracts where there is an obligation by one party to make payments on specified future dates. The failure to make each payment would give rise to a separate cause of action, and the statute of limitations would run from the time of each breach.. **Collins v. Summers Hardware and Supply Co.**, 88 S.W.3d 192, 198 (Tenn. Ct. App. 2002). *See also* **Conway v. Bughouse, Inc.**, 164 Cal. Rptr. 585, 588 (Cal. App. 1980) (The right to receive periodic payments under a pension is a continuing one, and any time limitation upon the right to sue for each installment begins to run from the time when the installment actually falls due.)